**M3 HEALTHCARE SOLUTIONS,
Respondent Below Appellant,**

v.

**FAMILY PRACTICE ASSOCIATES,
P.A., Claimant Below Appellee.**

**No. 691, 2009.**

Supreme Court of Delaware.

Submitted: April 13, 2010.

Decided: May 28, 2010.

---

William J. Cattie, III and Sarah A, Fruehauf (argued) of Rawle & Henderson, LLP, Wilmington, Delaware, for appellant.

Curtis J. Crowther (argued) and Evangelos Kostoulas of Young Conaway Stargatt & Taylor, LLP, attorneys for appellee.

Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

STEELE, Chief Justice:

M3 Healthcare Solutions sought modification, vacation, or correction of an arbitration award, in its answer to Family Practice Associates, P.A.'s complaint to confirm that award. The Vice Chancellor held that M3's answer did not constitute a statutorily required application to contest an award and, in any case, M3 failed to assert sufficient grounds to alter the award. Although the Vice Chancellor incorrectly decided that M3 improperly applied for modification, vacation or correction, given that Delaware is a liberal pleading jurisdiction, we agree with the remainder of the Vice Chancellor's decision and **AFFIRM** the judgment.

## FACTUAL AND PROCEDURAL HISTORY

FPA, a medical practice, entered into a billing services agreement with M3, a medical billing company. FPA and M3 agreed to arbitrate any dispute that arose between them.

On March 13, 2007, FPA filed a demand for arbitration with the American Arbitration Association. On March 24, 2009, the arbitrator issued a written arbitration award in favor of FPA. The arbitration award required M3 to pay FPA (1) the principal amount of $60,457.32; (2) $18,834.93 for interest at an 11.25% rate from June 30, 2006; (3) post-award interest at the rate of 11.25%; and (4) $19,103.01 for arbitration costs and expenses.

On April 23, 2009, FPA filed a complaint[1] to confirm the arbitration award. On May 15, M3 filed an answer to FPA's complaint. M3's answer presented the following objections: (1) the arbitrator erroneously awarded FPA fees and expenses barred by 10 *Del. C.* § 5712; (2) the arbitrator should have awarded interest to FPA from the date of the arbitration

---

1. FPA's filing on May 15 was actually an amended complaint, but this fact is immaterial to this appeal; thus, we refer to the parties' filings as complaint and answer, not amended complaint and answer to the amended complaint.

award because FPA caused the delay in the resolution with excessive unsupported demands, including refusing to settle the matter for an amount greater than the principle amount awarded; (3) FPA did not properly verify its complaint as Court of Chancery Rule 3(aa) requires; and, (4) the arbitration award should be vacated pursuant to 10 *Del. C.* § 5714(a)(4) because the arbitrator permitted the testimony of a previously unidentified witness and allowed that witness to offer testimony concerning the internal working guidelines of an insurance company without requiring the witness to produce the internal working guidelines for cross-examination. M3's answer requested that the Vice Chancellor vacate or modify the arbitration award.

On July 31, 2009, FPA filed a motion for summary judgment seeking confirmation of the arbitration award. In FPA's opening brief in support of its motion for summary judgment, FPA focused primarily on M3's failure to file a timely motion or application to vacate or modify the award within the 90–day period prescribed by 10 *Del. C.* §§ 5714 and 1715. FPA's opening brief also asserted that M3 had failed to assert the statutory bases for vacating or modifying an arbitration award under 10 *Del. C.* § 5714(a).

On August 25, 2009, M3 filed an answering brief opposing summary judgment. FPA's motion for summary judgment alleged that M3 had applied untimely for a modification and vacation of the arbitration award.

In its reply brief, FPA responded to M3's arguments and also argued that "even if [M3's] affirmative defenses are deemed timely filed and effective for the purposes of the statutory scheme, such

defenses do not fit within the parameters of the limited statutory grounds for vacating or modifying an arbitration award." M3 objected to the additional arguments and asked the Vice Chancellor to strike those arguments. The Vice Chancellor denied M3's requests.

Following a hearing on October 22, 2009, the Vice Chancellor granted summary judgment in favor of FPA for two reasons: (1) M3's answer containing "affirmative defenses" did not constitute the appropriate action necessary to preserve its asserted grounds for modifying, vacating, and correcting the arbitration award under 10 *Del. C.* §§ 5712, 5714, and 5715; and, (2) even if asserted properly, M3's asserted grounds for modifying, vacating, and correcting the arbitration award created no triable issues of fact on the existence of a statutory basis to vacate, modify, or correct the arbitration award, and that summary judgment in favor of FPA would still be appropriate.

## STANDARD OF REVIEW

We review the Vice Chancellor's grant of summary judgment *de novo,* both as to the facts and the law.[2] We must evaluate whether the record shows that there is no genuine issue of material fact, drawing our own inferences in making factual determinations and in evaluating the legal significance of the evidence.[3] We must view the facts of the record, including any reasonable hypotheses or inferences, in the light most favorable to the non-moving party (here, M3).[4] On review, we must determine whether a Vice Chancellor's decision to strike "from any pleading any insufficient defense or any

2. *Williams v. Geier,* 671 A.2d 1368, 1375 (Del. 1996).

3. *Id.*

4. *Id.*

redundant, immaterial, impertinent, or scandalous matter"[5] was clearly wrong.[6]

## ANALYSIS

### 1. M3 timely notified FPA of its contention that the arbitration award should be vacated or modified by raising the issue in its answer—an answer filed within ninety days of the arbitration award.

■ The Vice Chancellor concluded that M3's "affirmative defenses" did not constitute an "application" within the meaning of 10 *Del. C.* §§ 5713, 5714(b), and 5715(a) and the Court of Chancery Rules. The Uniform Arbitration Act instructs a court to confirm an arbitration award upon complaint made within one year of its delivery to the party "unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award...."[7] The UAA requires a party urging the court to vacate, modify or correct an arbitration award to file a complaint or application with the court within 90 days after delivery of a copy of the award.[8] Although the UAA does not define "complaint or application," Delaware's liberal pleading standard permits a party to timely move, answer, or otherwise responsively plead to a complaint.

The UAA specifies that the "law or rule of Court in any civil action" shall govern actions described in § 5701.[9] Thus, Court of Chancery Rule 56, which allows a party to present a defense in "pleadings, deposi-

tions, answers to interrogatories and admissions on file," establishes the notice pleading standard. The initial question here is whether the undefined "application" must be by complaint or motion, or can the "application" be raised in an answer to a complaint to confirm an award— as any "subsequent pleading."

■ We hold that the application may be raised in an answer to a complaint to confirm an award. M3 met this requirement by answering FPA's complaint to confirm the arbitration award, and listing "affirmative defenses" that requested modification, vacation or correction of errors in the arbitration award. This answer constitutes a pleading, under Chancery Rule 56. M3's "affirmative defenses" gave FPA and the Court adequate notice of M3's application for relief and FPA received that notice within the requisite, 90–day period. Although M3 may not ultimately prevail, the mere fact that it did not raise its objections to confirmation by a formal, separate "motion" does not entitle FPA to summary judgment.

### 2. M3 fails to assert grounds for modification, vacation, or correction.

In addressing the merits of M3's answer to FPA's complaint, the Vice Chancellor did not abuse his discretion when he denied M3's request to strike parts of FPA's reply brief, and correctly concluded that M3 failed to assert sufficient grounds to

---

5. Ch. Ct. R. 12(f).

6. *Wilson v. Division of Family Services*, 988 A.2d 435, 440 (Del.2010); *In re Stevens*, 652 A.2d 18, 23 (Del.1995); *Levitt v. Bouvier*, 287 A.2d 671, 673 (Del.1972).

7. 10 *Del. C.* § 5713.

8. 10 *Del. C.* § 5714(a) ("Upon complaint or application of a party in an existing case, the Court shall vacate an award where...."); 10

*Del. C.* § 5714(b) ("An application under this section shall be made within 90 days after delivery of a copy of the award...."); 10 *Del. C.* § 5715(a) ("Upon complaint or application in an existing case made within 90 days after delivery of a copy of the award to the applicant, the Court shall modify or correct the award where....").

9. 10 *Del. C.* § 5714.

modify, vacate, or correct the arbitration award.

■ Under Delaware law, a party's failure to raise a legal issue in the text of an opening brief constitutes a waiver of that claim in the matter under submission to the court.[10] In addition, a moving party must "provide adequate factual and legal support for their positions in their moving papers in order to put opposing parties and the Court on notice of the issues to be decided." [11]

In FPA's opening brief in support of its motion for summary judgment, FPA's arguments focused primarily on M3's failure to file a timely motion or application within the 90–day period prescribed in 10 *Del. C.* §§ 5714 and 1715. FPA's opening brief also succinctly stated that "none of the five statutory grounds for vacating the arbitration award are even asserted" and "[M3] has not even alleged the existence of any of the five statutory grounds for vacating an arbitration award under 10 *Del. C.* § 5714(a)."

FPA's gives shallow treatment to the substantive issues surrounding M3's asserted grounds for modification or vacation. But, while shallow and somewhat incomplete, FPA's opening brief sufficiently addresses the issues underlying the Vice Chancellor's denial of M3's motion to strike.

M3 argues that the arbitrator allowed an undisclosed witness to testify about internal working guidelines without requiring the witness to produce those guidelines for purposes of cross-examination; and the Vice Chancellor should have modified the arbitration award to award fees and ex-

penses to M3 because it is the true prevailing party.

■ M3 claims that the arbitration award should be vacated pursuant to 10 *Del. C.* § 5714(a)(4), because the arbitrator permitted the testimony of a previously unidentified witness and allowed that witness to offer testimony concerning the internal working guidelines of an insurance company without requiring the witness to produce the internal working guidelines for cross-examination. Pursuant to 10 *Del. C.* § 5714(a)(4), a court must vacate an arbitration award if the arbitrator: (1) "refused to postpone the hearing upon sufficient cause being shown therefor;" (2) "refused to hear evidence material to the controversy;" (3) "otherwise conducted the hearing contrary to the provisions of § 5706;" or (4) "failed to follow the procedures set forth in this chapter, so as to prejudice substantially the rights of a party, unless the party applying to vacate the award continued with the arbitration with notice of the defect." [12]

In this case, M3's argument fails to meet any of the provisions of section 5716(a)(4). First, M3 never sought to adjourn the arbitration so that the witness could produce the internal working guidelines. Second, the arbitrator did not *refuse* to postpone the hearing—rather M3 failed to request postponement. Finally, there is no basis to conclude that proceeding after the objection substantially prejudiced M3.

■ M3 also argues that the Vice Chancellor should have modified the arbitration award to award fees and expenses to M3, as the prevailing party. Because FPA only received 36% of the amount it

---

10. *Murphy v. State,* 632 A.2d 1150, 1152 (Del. 1993) (citing Supr. Ct. R. 14).

11. *In re Asbestos Litig.,* 2007 WL 2410879, at *4 (Del.Super.Ct. August 27, 2007).

12. 10 *Del. C.* § 5714(a)(4).

initially sought, M3 argues that FPA did not prevail.

Pursuant to 10 *Del. C.* § 5712, a court "may reduce or disallow any fee or expense which it finds excessive, or may allocate it as justice requires." M3 has pointed to no abuse of discretion on the part of the arbitrator and no evidence that would require, in the interests of justice, modifying the allocation of the expenses and fees award to M3. While FPA may have only received a portion of what it originally sought, the arbitrator still found in their favor, and as the prevailing party, FPA is entitled to the arbitrator's award of fees.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the Court of Chancery.