**Theodore LEVITT et al., Plaintiffs Below, Appellees and Cross-Appellants,**

**v.**

**John A. BOUVIER, Jr., Defendant Below, Appellant and Cross-Appellee,**

**and**

**American Mushroom Corp., a Delaware corporation, Defendant Below, Appellee.**

Supreme Court of Delaware.

Jan. 4, 1972.

Andrew G. T. Moore, II, of Killoran & Van Brunt, Wilmington, for Theodore Levitt and others.

Max S. Bell, Jr., of Richards, Layton & Finger, Wilmington, for John A. Bouvier, Jr.

Hugh L. Corroon of Potter, Anderson & Corroon, Wilmington, for American Mushroom Corp.

WOLCOTT, C. J. and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This is an appeal from a judgment of the Superior Court sitting without a jury determining the issue of liability. The plaintiffs are a group of investors. They alleged fraud and misrepresentation by the defendant, John A. Bouvier, Jr., and Knaust Brothers, Inc., and concurrent liability on the part of American Mushroom Corporation.

Following trial, a judgment was entered dismissing American Mushroom Corporation from the case and holding Bouvier liable to the plaintiffs on two specific misrepresentations and not liable on a third alleged misrepresentation.

Bouvier appealed from the judgment holding him liable, and the plaintiffs have cross-appealed on the dismissal of American Mushroom Corporation from the case, and also from the refusal of the lower court to find Bouvier liable on the third alleged misrepresentation.

In 1963 Knaust and K–B Products Corporation, under the management and control of Bouvier, were offered for sale. Knaust, at one time at least, was one of the world's largest growers of mushrooms, and K–B operated the canning and sales facilities for the mushrooms produced by Knaust. In the course of the negotiations for acquisition of Knaust and K–B, Bouvier allegedly made certain representations to the prospective purchasers which they now claim were false. On the basis of information supplied to them by Bouvier, an investment memorandum based upon his representations was prepared, which Bouvier approved stating that to the best of his knowledge it contained no misrepresentations or misleading omissions concerning the financial status of Knaust and K–B.

The representations made by Bouvier concerned the price and yield of mushrooms and the prospect of forthcoming quotas on mushroom imports from Formosa.

In the course of acquisition, the plaintiffs caused Knaust to merge with another mushroom corporation which resulted in the formation of the defendant American. Plaintiffs represented to the mushroom corporation merged with Knaust that, to their knowledge, there was no outstanding claim against Knaust, despite the fact that at the time they knew that they had a possible claim against Knaust and Bouvier based on the misrepresentations. Ultimately, plaintiffs gained control of the enterprise through a newly formed holding company called Iron Mountain, Incorporated.

The action was dismissed against American on the ground that the plaintiffs' claim against it was barred by their representations and warranties that no outstanding claim against Knaust existed.

After trial, the court found for the plaintiffs against Bouvier by reason of his representations to them relating to mushroom prices and yields. The court found against the plaintiffs and for Bouvier on the cause of action based upon alleged mis-

representation by Bouvier upon mushroom import quotas.

We first take up the dismissal of American Mushroom Corporation as a party defendant. In their efforts to merge Knaust with another mushroom company, the plaintiffs represented that there was no outstanding claim against Knaust, even though they had full knowledge that there was a basis for an action against Bouvier and Knaust for fraudulent misrepresentation.

Upon the formation of American Mushroom Corporation, the rights of the constituent corporations based on the warranties passed to their successor, American, pursuant to the agreement of merger and 8 Del.C. § 259.

■ The warranty made that there was no liability on the part of Knaust was false. This being so, the existence of the warranty would have worked an estoppel in an action against the constituent corporations. Timmons v. Campbell, 35 Del.Ch. 68, 111 A.2d 220 (1955). This being so, plaintiffs may not be permitted to maintain an action based on that liability against the successor corporation, American. Heit v. Tenneco, Inc., 319 F.Supp. 884 (D.C.1970).

It follows, therefore, that the dismissal of American as a party defendant was proper and must be affirmed.

■ With respect to the issues of misrepresentation, the facts are sharply in dispute between the parties. The trial judge made findings of fact on the questions of misrepresentation. His findings were based upon consideration of the documentary evidence and the testimony and credibility of "live" witnesses. In a nonjury case in which a Superior Court Judge sits as the finder of fact, an appeal from his decision is upon both the law and the facts. DuPont v. DuPont, 216 A.2d 674 (Del. Supr.1966). In such an appeal this court has the authority to review the entire record and to make its own findings of fact in a proper case. In exercising our power of review, we have the duty to review the sufficiency of the evidence and to test the propriety of the findings below. We do not, however, ignore the findings made by the trial judge. If they are sufficiently supported by the record and are the product of an orderly and logical deductive process, in the exercise of judicial restraint we accept them, even though independently we might have reached opposite conclusions. It is only when the findings below are clearly wrong and the doing of justice requires their overturn that we are free to make contradictory findings of fact. Application of Delaware Racing Ass'n, 42 Del.Ch. 406, 213 A.2d 203 (Del.Supr.1965). When the determination of facts turns on a question of credibility and the acceptance or rejection of "live" testimony by the trial judge, his findings will be approved upon review. Barks v. Herzberg, 206 A.2d 507 (Del.Supr.1965). If there is sufficient evidence to support the findings of the trial judge, this Court, in the exercise of judicial restraint, must affirm. Brittingham v. American Dredging Co., 262 A.2d 255 (Del.Supr.1970).

If the statements above defining the scope of review from basic findings of fact of a trial judge sitting without a jury are thought to be at variance with Nardo v. Nardo, 209 A.2d 905 (Del.Supr.1965); duPont v. duPont, supra, and David v. Steller, 269 A.2d 203 (Del.Supr.1970), those cases must be considered to have been modified by the foregoing. Compare, however, Nelson v. Murray, 211 A.2d 842, 844 (Del.Supr.1965) as to review of inferences and deductions.

■ After reviewing the record made below and the decision of the trial judge, we cannot say that his findings are not supported by sufficient evidence. Neither does it appear that his findings are clearly erroneous and that the doing of justice requires their rejection. We will therefore not disturb the trial judge's determination on all the issues of misrepresentation. It follows, therefore, that the judgment below holding the defendant Bouvier liable upon

two issues of misrepresentation, and absolving him from liability on the third issue of misrepresentation must be affirmed.

Finally, the defendant Bouvier argues that a release received by him from Iron Mountain, Incorporated, the holding company, was in essence a release of Bouvier by all of the individual plaintiffs. The trial judge denied Bouvier's motion to dismiss the action on this ground.

■ The release given by the holding company to Bouvier had nothing to do with the representations made by Bouvier to the plaintiffs. The holding company was not related to the original investment and came into being solely by reason of a subsequent reorganization. The fact that the plaintiffs were stockholders of the holding company creates no inference that their cause of action against Bouvier was assigned to the holding company.

For the foregoing reasons the judgment below is affirmed.