**Henry E. I. DU PONT and Martha Verge Du Pont, Plaintiffs, Appellants,**

v.

**Martin SLOAN, Patricia Sloan and Crompton-Townsend, Inc., Defendants, Appellees.**

Supreme Court of Delaware.

Submitted Sept. 14, 1979.

Decided Oct. 11, 1979.

---

**282**

Richard Allen Paul, of Paul, Lukoff & Hurley, Wilmington, for plaintiffs, appellants.

L. Kent Wyatt, of Aerenson, Balick & Ferrara, Wilmington, for defendants, appellees.

Before DUFFY, McNEILLY and QUILLEN, JJ.

## PER CURIAM :

The issue in this appeal centers on an agreement between the parties for the sale of real property. Following a non-jury trial, the Superior Court entered judgment for defendants, after which plaintiffs docketed this appeal.

Plaintiffs contracted to sell to defendants "twelve acres (12), more or less." After paying $5,000 of the $25,000 required as a down payment, defendants withdrew from the arrangement. Relying on a liquidated damage clause in the agreement, plaintiffs sued for the unpaid portion of the down payment, that is, $20,000; defendants counterclaimed for the $5,000 which they had paid. The Superior Court found for defendants on both issues.

The crucial question is whether the agreement permitted either side to withdraw from the transaction, for any reason, before the parties agreed to definite and distinct boundaries for the acreage to be conveyed. The pertinent language which is under scrutiny reads as follows:

> "Boundary lines for said subdivision to be subject to written approval of both the sellers and purchasers. Should said written approval not be obtained from either party on or before July 30, 1976, then this contract shall be declared null and void and all monies on deposit refunded to Purchasers."

The Superior Court held that these terms were unambiguous and permitted either party to unilaterally withdraw before "written approval" was given. Thus the Court found that the buyers' decision was legally permissible and ordered return of their down payment.

Our view of the controversy is somewhat different from that of the Trial Judge, but we reach the same result on the basis of his opinion. As we see it, the contract *is* ambiguous and therefore required construction by the Trial Judge. *Laird v. Employers Liability Assur. Corp.,* Del.Super., 18 A.2d 861 (1941). It was, in

fact, construed by the Trial Judge by his finding that, "[u]nder the special circumstances of this case," the contract provisions were clear. In other words, the Trial Judge referred to the factual context to give meaning to the bare language of the contract. That context included defendants' desire for maximum privacy, their discussions with the broker and the indefinite boundaries.

In reviewing the Trial Judge's factual construction, which permitted unilateral withdrawal by either party, we cannot say he committed reversible error. *Levitt v. Bouvier*, Del.Supr., 287 A.2d 671, 673 (1972).

■ We should also add that the Court implicitly determined that the description of the property to be sold, which is at the heart of the agreement, was not so adequate as to make the agreement binding and enforceable at law.

Affirmed.