DAVID GRAYTON, Respondent Below-Appellant,
v.
JANE MOORE, Petitioner Below-Appellee.
No. 411, 2007
Supreme Court of Delaware.
Submitted: April 11, 2008.
Decided: May 19, 2008.
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices

ORDER[1]
MYRON T. STEELE, Chief Justice
This 19th day of May 2008, upon consideration of the briefs on appeal and the record below, it appears to the Court that:
(1) The respondent-appellant, David Grayton ("Father"), filed an appeal from the Family Court's July 5, 2007 custody order, which granted joint legal custody of the parties' minor child to Father and Jane Moore ("Mother"), primary residential custody to Mother, and visitation to Father. We find no merit to the appeal. Accordingly, we AFFIRM.
(2) The record reflects the following: Mother filed a petition for custody of Donny, age 3, on August 24, 2006. Father filed a custody petition on February 16, 2007. The Family Court ultimately consolidated the petitions for a hearing, which took place on June 18, 2007.[2] Both Mother and Father were represented by counsel and testified at the hearing.
(3) On November 8, 2006, several weeks after filing her custody petition, Mother filed a petition for protection from abuse ("PFA") against Father. The Family Court dismissed the petition on November 22, 2006, after determining that Mother had presented insufficient evidence of abuse. Sometime thereafter, Father refused to return Donny after visitation, an altercation between Mother and Father ensued, and both Mother and Father were arrested. The charges against Father were dropped. Mother was placed on probation and directed to attend domestic violence prevention counseling. After further assessment, Mother was placed in a program for victims rather than perpetrators.
(4) Mother then filed three separate affidavits requesting priority scheduling of her PFA petition. The Family Court granted the third request for priority scheduling in the interest of the protection of the parties and their minor child. On January 5, 2007, the Family Court also entered a temporary contact order, which provided that Father would have visitation with Donny every other week from Sunday at noon until Tuesday morning and every other Tuesday until Wednesday at noon. Father filed his custody petition shortly thereafter. In the interim, the parties agreed to modify the Family Court order to provide for visitation with Father every other week from Sunday at noon until Wednesday morning and every Tuesday through Wednesday morning.
(5) The transcript of the June 18, 2007 hearing reflects the following: Mother requested the Family Court to maintain the current custody and visitation arrangement, while Father requested the Family Court to institute a shared residential custody arrangement. Mother testified that Donny has resided with her since he was born. They currently live in an apartment in Newark, Delaware, where they have been since February 2007. Mother's mother and sister live in a development approximately ten minutes away. Mother's sister has four children and Donny has a close relationship with them. Donny also sees his maternal grandmother every day. Donny has a routine for daycare and bedtime to which he has adjusted well. Mother testified that she is employed full-time with the Smyrna School District.
(6) Father testified that he lives in a townhouse about five minutes away from Mother's apartment. His family, including his grandmother, brother and stepfather live approximately ten minutes away. He maintains close ties to his family. Father has lived in the townhouse, which has three bedrooms and two and a half baths, for four years. Donny has his own room, clothes and toys at the townhouse. Father is employed on a part-time basis with Discover Financial Services. Father believes that, despite their problems, he and Mother have similar parenting philosophies. Father is very interested in getting back together with Mother and believes that they can successfully raise Donny together.
(7) In its July 5, 2007 decision, the Family Court observed that each parent has a good relationship with Donny and each responds well to his physical and emotional needs. In addition, each of the parents respects the other's ability to be a good parent to Donny. However, the parents have had a tempestuous relationship with each other ever since Donny was born. The parties argue and even have engaged in physical violence when Donny is present. The Family Court observed that, while neither parent has mental health problems, they are emotionally immature.
(8) During those times when Mother and Father are not getting along, communication between them, particularly as regards Donny, is impossible. The Family Court stated that, in spite of Father's opinion to the contrary, it saw no evidence of the parties having learned from their past mistakes and that, without counseling, their pattern of physical and emotional turmoil will continue. While the Family Court agreed to increase Father's visitation with Donny, it refused Father's request for shared residential custody because of the parties' inability to communicate with each other. After analyzing the factual circumstances against the required statutory factors,[3] the Family Court awarded residential placement of Donny to Mother, with increased visitation to Father. The Family Court also required the parties to complete a counseling program specifically designed to increase their communication as parents.
(9) In his appeal from the Family Court's order, Father claims that the Family Court abused its discretion by a) failing to properly balance the best interests of the child factors and explicitly stating what weight it gave to each factor; b) failing to consider factors beyond those enumerated in the statute; c) relying on unproven allegations of abuse against Father; and d) failing to consider the full spectrum of residential placement options.
(10) Del. Code Ann. tit. 13, § 722(a) requires the Family Court to determine the legal custody and residential arrangements for a child in accordance with the best interests of the child. The statute requires the Family Court to consider all relevant factors, including a) the wishes of the parents, b) the wishes of the child, c) the interaction of the child with the parents, relatives and other residents of the household, d) the child's adjustment to his home, school and community, e) the mental and physical health of all individuals involved, f) compliance of the parents with their rights and responsibilities to their child, g) evidence of domestic violence, and h) the criminal history of the parents and other residents of the household. This Court has held that "[t]he clear intent of the legislature in passing the best interest standards was that each factor listed in the statute be independently considered and then given its due weight and importance relative to the other factors in a manner reflecting the best interests of the child in question."[4] Moreover, this Court has held that the Family Court "is not to limit itself to consideration of the listed factors, but is instead to consider all relevant factors in making its determination."[5]
(11) The scope of this Court's review of a Family Court judgment includes a review of both the law and the facts.[6] If the Family Court correctly applied the law, we review the Family Court's decision for abuse of discretion. The Family Court's judgment will not be disturbed if it is the product of a logical and orderly reasoning process.[7] Only when the Family Court's rulings of law or findings of fact are clearly wrong and justice requires their overturn is this Court free to draw contradictory conclusions.[8]
(12) We have reviewed carefully the record in this case, including, in particular, the transcript of the June 18, 2007 custody hearing. We find no error or abuse of discretion on the part of the Family Court in any of its factual findings or conclusions as set forth in its July 5, 2007 decision. The Family Court correctly applied the statutory factors and its decision was the product of a logical and orderly reasoning process. As such, the Family Court's judgment must be affirmed.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.
NOTES
[1] The Court assigned pseudonyms to the parties by Order dated September 18, 2007. Supr. Ct. R. 7(d).
[2] Both Mother and Father previously filed petitions for custody in 2006. The petitions were dismissed by the Family Court after both Mother and Father failed to appear for the hearing.
[3] Del. Code Ann. tit. 13, §722(a).
[4] Holmes v. Wooley, Del. Supr., No. 113, 2001, Steele, J. (Jan. 3, 2002) (citing Friant v. Friant, 553 A.2d 1186, 1188 (Del. 1989)).
[5] Id.
[6] Wife (J.F.V.) v, Husband (O.W.V., Jr.), 402 A.2d 1202, 1204 (Del. 1979).
[7] Jones v. Lang, 591 A.2d 185, 186-87 (Del. 1991).
[8] Levitt v. Bouvier, 287 A.2d 671, 673 (Del. 1972).