IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANTHONY W. GUNZL , | § | |
| | § | No. 479, 2014 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below–Superior Court of |
| | § | the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| ONE OFF ROD & CUSTOM, INC., | § | C.A. No. N12L-04-017 |
| ONE OFF ROD & CUSTOM, | § | |
| ONE OFF ROD & CUSTOM, | § | |
| LLC, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: October 24, 2014
Decided: January 2, 2015

Before **STRINE**, Chief Justice, **RIDGELY** and **VALIHURA**, Justices.

## O R D E R

This 2nd day of January 2015, upon consideration of the appellant's opening brief and the appellees' motion to affirm,[1] it appears to the Court that:

(1)    The plaintiff-below/appellant, Anthony W. Gunzl, has filed an appeal from the Superior Court's dismissal of his April 2012 breach of

---

[1] Gunzl's request to respond to the motion to affirm is denied.  Under Supreme Court Rule 25(a), no response to a motion to affirm is permitted unless requested by the Court. The Court did not request a response to the motion to affirm and finds no good cause to permit a response in this case.

contract action against defendants-below/appellees, One Off Rod & Custom, Inc., One Off Rod & Custom, and One Off Rod & Custom, LLC (hereinafter "One Off"). Gunzl's complaint alleged that One Off improperly painted and transported his classic 1966 Ford Mustang, causing dents and other damages.

(2) On September 16, 2013, The Superior Court dismissed the complaint for Gunzl's failure to comply with the scheduling order requiring that he provide an "Expert Report (or Rule 26(b)(4) Disclosure)" to One Off.[2] Thereafter, by orders dated October 4, 2003, January 23, 2014, and May 22, 2014, the court denied Gunzl's motions for reargument and reconsideration. One Off has moved to affirm the Superior Court judgment on the ground that it is manifest on the face of Gunzl's opening brief that the appeal is without merit. We agree and affirm.

(3) The authority of the Superior Court to dismiss an action for failure to comply with scheduling order to identify an expert stems from the court's inherent power to "manage its own affairs and to achieve the orderly and expeditious disposition of its business."[3] We review such a dismissal

---

[2] *See* Del. Super. Ct. Civ. R. 26(b)(4) (governing discovery of experts).

[3] *See Harrison v. Del. Supermarkets*, *Inc.* 2014 WL 2718830 (Del. June 12, 2014), (quoting *Gebhart v. Ernest DiSabatino & Sons, Inc.*, 264 A.2d 157, 159 (Del. 1979)).

2

for abuse of discretion.[4] "Discretionary findings are not overturned if they are supported by the record and are the product of an orderly and logical deductive process.[5] Only if the findings are clearly wrong, and justice requires their overturn, are we free to make contradictory findings of fact."[6]

(4) In this case, the record reflects that the Superior Court established November 20, 2012 as the deadline for Gunzl's expert report or Rule 26(b)(4) disclosure. On June 4, 2013, more than six months after the deadline had passed, the Superior Court issued an order that Gunzl must identify his expert within twenty days or face dismissal of his complaint. At a hearing on July 18, 2013, the court found that Gunzl had no expert witness competent to offer an expert opinion. Finally, at a hearing on September 16, 2013, the Superior Court dismissed Gunzl's complaint. The Superior Court ruled as follows:

> What you need is an expert to say that what [One Off] did caused damage to your car and the value of that damage, that you're entitled to compensation. You don't have that. I don't see anything in the record, and it's been a year since - - nearly a year, two months short of a year, since you were first obligated to provide that. And I told you that very thing.

---

[4] *Id.*

[5] *Yancey v. National Trust Company*, 1993 WL 370844 (Del. Aug. 30, 1993) (citing *Levitt v. Bouvier*, 287 A.2d 671, 673 (Del. 1972)).

[6] *Id.*, at *3.

I mean, I've only extended the deadline three times, but we've been in court so many times. I think I've reminded you every time. You need an expert to establish that somebody at One Off did something wrong that caused damage for which you're entitled compensation, or the case has to be dismissed.[7]

* * *

I have to decide on the record before me whether you've provided - - you've complied with the scheduling order and provided an expert report, and you have not. And, so, your complaint is dismissed.[8]

(5) In his opening brief on appeal, Gunzl challenges the Superior Court's denial of his motion to enforce subpoenas and raises other claims that he pursued without success in the Superior Court. One Off contends that summary affirmance of the Superior Court judgment is appropriate because Gunzl's claims on appeal, as in the Superior Court, have no bearing on the dismissal of his complaint, which was based on his failure to identify an expert as required by the trial scheduling order.

(6) Having reviewed the parties' positions and the record on appeal, we affirm the Superior Court's dismissal of Gunzl's complaint and the court's denials of his motions for reconsideration and reargument. The

---

[7] Hr'g tr. at 17-18 (Sept. 16, 2013).

[8] *Id.* at 20.

4

record reflects that the Superior Court explained the discovery process to Gunzl and the need for an expert to support his claims. The court also granted Gunzl several extensions of time to comply with the court's scheduling order to identify an expert. Finally, the court found that, without expert support, Gunzl was unable to establish proximate cause, one of the essential elements he has the burden of proving at trial. Under the circumstances, the Superior Court's dismissal of Gunzl's complaint was not an abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice