# IN THE SUPERIOR COURT OF DELAWARE

NINA SHAHIN,

        Appellant.

        v.

UNITED PARCEL SERVICE, INC,
ET AL.

        Appellee.

Case No. K17A-12-001 NEP
In and for Kent County

## ORDER

Submitted: March 12, 2018
Decided: May 9, 2018

*Upon Consideration of Appellant's Appeal from the Court of Common Pleas*
**AFFIRMED**

Plaintiff-Below/Appellant Nina Shahin (hereinafter "Appellant"), appeals from an order of the Court of Common Pleas (hereinafter the "CCP"). In that order, the CCP granted Defendant JKMR, Inc.'s (hereinafter "JKMR") motion for summary judgment, dismissing with prejudice Appellant's claims against it for failure to join an indispensable party, United Parcel Services of America (hereinafter "UPS").[1] This Court finds no merit to Appellant's appeal and affirms the CCP's order.

The record reflects that in 2014, Appellant brought a glass fireplace door to a parcel store owned by defendant JKMR to have it shipped to Portland, Oregon. Several days later, Appellant claimed that the fireplace door was damaged when it

---

[1] While this case's caption reads Nina Shahin v. United Parcel Service, Inc, et al., only JKMR has been properly joined as a defendant. As explained fully below, the CCP ordered Appellant to join UPS, but she failed to do so.

arrived in Portland, and demanded compensation from JKMR. When JKMR refused, Appellant filed suit in the CCP. On September 30, 2014, the CCP found a dispute of fact as to whether the fireplace door was damaged while under the care of JKMR or UPS, and ordered Appellant to join UPS as an indispensable party. For the following several years, Appellant failed to join UPS—despite multiple orders and extensions of deadlines by the Court—until the CCP finally granted summary judgment on July 31, 2017, finding that Appellant had failed to join a necessary party. Appealing that order to this Court, Appellant argues that the order is invalid because the presiding judge allegedly (1) engaged in *ex parte* communications; (2) violated Appellant's due process and equal protection rights; (3) colluded with opposing counsel to frustrate Appellant's access to relief; and (4) engaged in racketeering. Appellant's opening brief failed to address considerations relevant to this Court's review of the CCP's findings of fact and application of law, electing instead to accuse the presiding judge of criminal and civil rights violations.

The CCP's entry of summary judgment presents a question of law, and is therefore subject to *de novo* review by this Court.[2] The entry of summary judgment shall be affirmed "if it appears that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law."[3]

As an initial matter, the Court will only summarily address Appellant's submitted questions for review, as they are procedurally improper. Appellant's opening brief is dedicated to accusing the judge below of various crimes and civil rights violations, and petitions this Court to "invalidate the entire process of the CCP as corrupt, biased, and discriminatory." As indicated above, the Court's review is

---

[2] *Jackson v. Walgreens Corp.*, 2013 WL 2145938, at *2 (Del. Super. May 15, 2013).
[3] *Newtowne Vill. Serv. Corp. v. Newtowne Rd. Dev. Co.*, 772 A.2d 172, 174–75 (Del. 2001).

limited to a review of the order that has been appealed. However, Appellant has failed to argue—even assuming she suffered any alleged injustices—that the order granting summary judgment was wrongly decided. The Court now turns to consider the merits of the motion for summary judgment.

CCP Civil Rule 19(a) requires the joinder of indispensable parties, *e.g.*, parties without whom the Court cannot "render justice between the parties before it," or make a final determination "consistent with equity and good conscience."[4] A court may dismiss a complaint for failure to join an indispensable party upon consideration of four factors set forth in Rule 19(b):

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Appellant's complaint initially alleged that the damage to the fireplace door was caused by "negligent and unprofessional handling of the item while in transit," thus implicating UPS rather than JKMR as having caused the claimed damages. JKMR's answer alleges that UPS may be the party responsible for any damage to the fireplace door, and the record reflects that UPS may otherwise possess information relevant to the issue of causation. Without UPS, the CCP could not determine the proper distribution of liability between UPS and JKMR, and therefore could neither render complete justice between the parties nor make a determination consistent with

---

[4] *Industrial America, Inc. v. Minnesota Mining & Mfg. Co*, 306 A.2d 751, 753 (Del. Super. 1973).

equity and good conscience.

This Court's decision in *Graham v. State Farm Mutual Insurance*[5] is instructive. In that case, the plaintiff was a passenger in a Delaware Express Shuttle involved in a collision with another vehicle, and she sued the shuttle company for injuries sustained in the crash.[6] While the *Graham* plaintiff charged the driver of the other vehicle with negligence, she failed to name him as a defendant.[7] When the other driver could not be joined, the *Graham* court dismissed the complaint for failure to join an indispensable party.[8]

Similarly, in the action below, Appellant's complaint appeared to charge UPS with having negligently caused her injuries; a dispute existed as to the extent of UPS's responsibility for the damages; and UPS was not joined in the action. Therefore, upon review of the record, the Court finds that UPS was an indispensable party.

To determine whether dismissal for failure to join UPS was appropriate, the Court considers the factors set forth in CCP Civil Rule 19(b). The first factor weighs in favor of dismissal, because UPS may provide discovery and information capable of indicating how the fireplace door was damaged, and UPS's absence prejudices JKMR by foreclosing opportunities to show that JKMR did not cause the damages alleged. The second factor weighs in favor of dismissal because the Court is not aware of, nor has Appellant recommended, any possible protective provisions to lessen the threatened prejudice. The third factor also weighs in favor of dismissal: if the case proceeded without UPS, and JKMR were found liable, there is a foreseeable

---

[5] 2006 WL 1600949 (Del. Super. June 12, 2006).
[6] *Id.* at *1.
[7] *Id.*
[8] *Id.* at *2.

need for future litigation against UPS to determine which party caused the damage and to allocate liability. Finally, the fourth factor weighs in favor of dismissal because Appellant's claims against UPS were dismissed without prejudice, and, in any case, the foreclosure of recovery against JKMR does "not offend equity and good conscience because nothing prevented [Appellant] from" joining UPS in this action.[9] The record reflects that Appellant had more than three years and multiple opportunities to join UPS and was repeatedly warned that failure to complete the joinder would result in dismissal. Despite this, Appellant failed to act.

The Court finds that CCP made no errors of law and that its factual findings were "sufficiently supported by the record and are the product of an orderly and logical deductive process."[10]

**WHEREFORE**, for the foregoing reasons, the CCP's decision granting summary judgment is **AFFIRMED**.

/s/ Noel Eason Primos
Judge

*Sent via File&ServeXpress and U.S. Mail*
oc: Prothonotary
c: Nina Shahin
Gary W. Alderson, Esquire

---

[9] *See Council of Civic Organizations of Brandywine Hundred, Inc. v. New Castle Cty.*, 1993 WL 390543, at *7 (Del. Ch. Sept. 21, 1993), *aff'd*, 637 A.2d 826 (Del. 1993).
[10] *State v. Huss*, 1993 WL 603365, at *1 (Del. Super. July 14, 1993) (*quoting Levitt v. Bouvier*, 287 A.2d 671, 673 (Del. 1972)).