IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KEITH M. SCHUELLER, | § | |
| | § | No. 485, 2017 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | |
| BRETT CORDREY et al., | § | No. N14C-10-201EMD |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: September 26, 2018
Decided: September 28, 2018

Before **STRINE**, Chief Justice; **VALIHURA**, **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices; constituting the Court *en Banc*.

# **O R D E R**

This 28th day of September 2018, it appears to the Court that:

(1) In this civil action, plaintiff sued a police officer for battery after being shot by the officer while fleeing from police, refusing to heed instructions to desist from resisting arrest, and waving a shovel at the officer in a threatening manner when the officer shot him. The Superior Court found for the officer, holding that the plaintiff had not proven out his claim.[1]

---

[1] *Schueller v. Cordrey*, C.A. No. N14C-10-201EMD, 2017 WL 3635570, at *12 (Del. Super. Aug. 23, 2017).

(2)     On appeal, plaintiff's only argument is that the Superior Court did not have a proper basis in the evidentiary record to sustain its findings.[2]   Because plaintiff consented to a bench trial, we review "the sufficiency of the evidence and [ ] test the propriety of the findings below.  We do not, however, ignore the findings made by the trial judge.  If they are sufficiently supported by the record and are the product of an orderly and logical deductive process, in the exercise of judicial restraint we accept them, even though independently we might have reached opposite conclusions."[3]

(3)     Admittedly, there was conflicting testimony about what occurred.  The Superior Court was admirably candid in finding that aspects of the officer's own story were less than fully convincing,[4] but it also found the plaintiff's version of events suspect.[5]  The record supports the Superior Court's finding that the plaintiff was fleeing from and resisting arrest, had struck a vehicle during his flight, had refused to stop resisting after demands from the officer, and was wielding a shovel at the officer from a close distance when the officer shot him.

---

[2] Opening Br. at 7–20.

[3] *Levitt v. Bouvier*, 287 A.2d 671, 673 (Del. 1972).

[4] *Schueller*, 2017 WL 3635570 at *9 ("The Court finds that Cpl. Cordrey provided credible testimony up and until the time of the shooting . . . . Cpl. Cordrey does not seem to remember exactly what happened when he pulled the trigger on his firearm or exactly what Mr. Schueller was doing at that point in time.").

[5] *Id.* ("[T]he Court finds that Mr. Schueller is not a credible witness.  Mr. Schueller has provided various accounts of the facts of the incident.  Moreover, Mr. Schueller's testimony at trial (and in depositions) is not supported by the testimony of other fact witnesses.").

(4)    The Superior Court also found that immediately before the shooting, "Schueller again turned to face [ ] Cordrey," while "waiving the shovel around 'like a crazy person.'"[6]  Because the shovel was a "dangerous instrument" in Schueller's hands, the Superior Court found that the officer legitimately "was in fear for his safety" and "felt 'the greatest fear [he has] ever had in [his] life.'"[7]

(5)    Plaintiff's sole argument is that the officer could not have feared for his life because he shot Schueller in the back.[8]  The Superior Court acknowledged this, but found that "Cordrey believed, at the time, that he shot [ ] Schueller in the chest" and that Cordrey "did not use excessive or unnecessary force under the circumstance" because he feared for his life.

(6)    This finding is supported by the record and logically follows from the Superior Court crediting the officer's testimony and discrediting Schueller's testimony.  Although reasonable minds may differ on what evidence to credit, by crediting the officer's testimony the Superior Court could logically conclude that the officer employed reasonable force in light of the threat.  Acknowledging the inability of either party to provide "a reasonable explanation for how exactly [ ] Schueller got shot in the back,"[9] the Superior Court's process—of crediting certain testimony and

---

[6] *Id.* at *10.
[7] *Id.*
[8] *Id.*
[9] *Id.*

3

discrediting others—logically supported his finding for the officer and we must accept it.

(7) For these reasons, we affirm the judgment of the Superior Court as the sole argument the plaintiff makes on appeal is without merit.[10]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[10] Interesting issues emerged from the record. Namely, in a civil case does a defendant like the officer bear the burden of persuasion on the defense of self-defense? And, if so, do the elements of that match the criminal standard and did the Superior Court appropriately apply that standard by using the provisions of 11 *Del. C.* § 467(c) that govern the type of force the officer used in this case, i.e., deadly force? These are interesting issues, but this case is not one fit to address them for a simple reason: the plaintiff did not raise any of them below or in his brief on appeal. The issues are thus waived.