IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NINA SHAHIN, | § | |
| | § | No. 448, 2018 |
| Appellant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. K18A-01-001 |
| SAM'S EAST, INC. and | § | |
| SYNCHRONY BANK, | § | |
| | § | |
| Appellees Below, | § | |
| Appellees. | § | |

Submitted: January 25, 2019
Decided: April 4, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

# **O R D E R**

Upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)  This appeal arises from the Superior Court's affirmance of the judgment of the Court of Common Pleas.  Having carefully reviewed the record, we find no error or abuse of the discretion in the Superior Court's decision. Accordingly, we affirm the Superior Court's judgment.  As a result of the appellant's vexatious and frivolous conduct, we also award the appellees the reasonable expenses, including attorneys' fees, that they incurred in this appeal.

(2) On November 14, 2016, the appellant, Nina Shahin, filed a complaint against the appellees, Sam's East, Inc. ("Sam's Club") and Synchrony Bank in the Court of Common Pleas. She alleged that she was unable to buy a $9.98 Arctic Trunk Organizer advertised by Sam's Club in August 2016 because Sam's Club ran out of the item. She alleged that Synchrony Bank wrongly placed a hold on her Sam's Club Master Card for fraudulent activity two weeks later that led to her cancelling the card. She sought damages of $20,000 for damage to her credit standing, Sam's Club's poor service, insult, and humiliation.

(3) Sam's Club and Synchrony Bank answered the complaint and asserted affirmative defenses. Shahin filed a variety of documents including objections to the participation of the defendants' attorneys, a motion for correction of the legal name of one defendant, and objections to Synchrony Bank's affirmative defenses. On March 23, 2017, the Court of Common Pleas granted the motion for correction of the legal name and denied the remaining motions. On April 11, 2017, Shahin filed objections to the March 23rd order and to the Court of Common Pleas judge presiding over the case.

(4) On April 12, 2017, the defendants informed Shahin that they would move for summary judgment and might seek attorney's fees and costs if she did not voluntarily dismiss her complaint. They provided Shahin with documents showing the Sam's Club advertisement stated that only limited quantities were available,

2

Synchrony Bank placed a hold on her Sam's Club Master Card for suspicious charges in Colorado (as authorized by the credit card agreement), and Synchrony Bank attempted to notify Shahin of the reason for the hold. In response, Shahin stated, among other things, that there could be no charges in Colorado because she had never been there.

(5) On June 14, 2017, the defendants filed motions for summary judgment. Sam's Club argued that it was entitled to summary judgment because it did not breach the membership agreement, the sales notice stated that only limited quantities were available, Shahin could not prove any of her claims, and Shahin did not suffer any injury. Synchrony Bank argued that it was entitled to summary judgment because it did not breach the terms of the parties' agreement, it did not act fraudulently in connection with the Sam's Club sale, and it did not conspire with Sam's Club. In response, Shahin filed motions for sanctions, alleging that the motions for summary judgment were full of perjury and fraud.

(6) On June 28, 2017, the Court of Common Pleas held a pretrial teleconference. After hearing arguments from the defendants and Shahin, the Court of Common Pleas granted the motions for summary judgment, denied Shahin's motions for sanctions, and denied Shahin's additional objections. After expressing anger at the rulings, Shahin left the teleconference before the court had adjourned.

Shahin subsequently filed a motion for reconsideration and motions for sanctions against the defendants' attorneys.

(7)     On August 17, 2017, the Court of Common Pleas entered an order denying Shahin's objections to the judge, denying Shahin's motions for sanctions, granting the motions for summary judgment, and denying Shahin's motion for reconsideration.  On August 28, 2017, Shahin filed a motion for access to the tape of the June 28, 2017 hearing because she claimed that the transcript contained unspecified inaccuracies that might be racketeering under 18 U.S.C. § 1512(c)(1) and 18 U.S.C. § 1961(1)(B).  Shahin also filed a motion to transfer the case to the United States District Court for the District of Delaware.[1]  On October 11, 2017, the Court of Common Pleas denied Shahin's motion for access to the tape of the June 28, 2017 hearing and the motion to transfer.  Shahin filed a motion for reconsideration, which the Court of Common Pleas denied on December 19, 2017.

(8)     On January 2, 2018, Shahin filed a notice of appeal in the Superior Court.  Shahin attached the December 19, 2017 order to her notice of appeal.  She identified the falsification of the June 28, 2017 transcript and the denial of access to the tape recording of the hearing as the grounds for her appeal.

---

[1] The District Court found no basis for removal and remanded to the Court of Common Pleas. *Shahin v. Dover Sam's Club East, Inc.*, 2018 WL 3866677, at *2 (D. Del. Aug. 14, 2018).

(9) After briefing, the Superior Court held that the Court of Common Pleas did not err in denying Shahin's motion for reconsideration of the order denying her motion for access to the tape recording because Shahin merely rehashed earlier accusations of racketeering and misconduct. This appeal followed. On November 29, 2018, Shahin filed a motion demanding evidence that the appellees' counsel mailed her the answering brief as stated in the certificate of service. The appellees' counsel stated that they had mailed the brief to Shahin's address and had not received anything back as undeliverable. This Court denied Shahin's motion, finding there was no basis for requiring further evidence of service.

(10) On appeal, Shahin accuses the appellees and their counsel of fraud and perjury, claims the Court of Common Pleas judge violated her civil rights in a different case involving the Dover Police Department and erred in granting the motions for summary judgment and denying her request for access to the audio recording, and argues that the Superior Court ignored the defendants' perjury in issuing its decision. The appellees argue that the Superior Court did not err and seek their costs and attorneys' fees in this appeal for Shahin's frivolous conduct.

(11) "In an appeal from the Court of Common Pleas to the Superior Court, the standard of review is whether there is legal error and whether the factual findings made by the trial judge are sufficiently supported by the record and are the product

5

of an orderly and logical deductive process."[2]  We apply the same standard in our review of the Superior Court's decision.[3]

(12)  Having reviewed the parties' positions on appeal and the record below, we conclude that the Superior Court did not err in affirming the Court of Common Pleas' denial of Shahin's motion for reconsideration of the denial of her motion for the June 28, 2017 audio recording.  The audio recording was the only issue Shahin identified in her appeal to the Superior Court, and the December 19, 2017 order denying her motion for reconsideration was the only document attached to the appeal.  Shahin has never identified the alleged errors in the transcript that she claims show racketeering.  Instead, she makes conclusory and unsupported claims of perjury, fraud, conspiracy, and discrimination.  In the absence of any reason to believe the transcript was inaccurate or insufficient, Shahin did not establish a basis for access to the audio recording.

(13)  A motion for reargument under Rule 59(e) will only be granted if the court has overlooked a controlling precedent or legal principles, or misapprehended the law or facts in such a way to change to outcome of the underlying decision.[4]  A

---

[2] *Onkeo v. State*, 2008 WL 3906076, at *1 (Del. 2008) (citing *Levitt v. Bouvier*, 287 A.2d 671, 673 (Del. 1972)).

[3] *Baker v. Connell*, 488 A.2d 1303, 1309 (Del. 1985).

[4] *Maddox v. Isaacs*, 2013 WL 4858989, at *1 (Del. Sept. 10, 2013) ("The proper purpose of a Rule 59(e) motion for reargument is to request the trial court to reconsider whether it overlooked an applicable legal precedent or misapprehended the law or the facts in such a way as to affect the outcome of the case.").

motion for reargument should not be used to rehash arguments previously raised.[5] As the Superior Court recognized, Shahin's motion for reconsideration in the Court of Common Pleas simply rehashed her earlier accusations of racketeering and misconduct. This did not establish a basis for reargument. The Superior Court did not err therefore in affirming the Court of Common Pleas' denial of Shanin's motion for reconsideration. The Superior Court also did not err in denying Shahin's motion for reargument of its order affirming the Court of Common Pleas. Shahin's restatement of her baseless accusations of fraud and racketeering was not a basis for reargument.

(14) Under Supreme Court Rule 20(f), this Court may award attorneys' fees and expenses in a frivolous appeal.[6] Shahin had no basis to demand the audio recording of the June 28, 2017 hearing in the Court of Common Pleas. She offered nothing, other than unsupported allegations of perjury and fraud, in her appeal of the Superior Court's decision. Shahin has burdened this Court and others with her numerous and meritless filings.[7] We conclude that this appeal is frivolous and that the appellees should be awarded their reasonable attorneys' fees and expenses. The appellees are directed to file, by April 17, 2019, affidavits showing the reasonable

---

[5] *Shultz v. Satchel*, 2019 WL 125677, at *2 (Del. Jan. 7, 2019).

[6] Supr. Ct. R. 20(f); *Scion Breckenridge Managing Member, LLC v. ASB Allegiance Real Estate Fund*, 68 A.3d 665, 688 (Del. 2013).

[7] In just the last eight months, Shahin has filed four appeals, including this one, in this Court. *See Shahin v. UPS Store, Inc.*, No. 406, 2018; *Shahin v. Boney*, No. 425, 2018; *Shahin v. Sam's Club East*, No. 448, 2018; *Shahin v. City of Dover*, No. 51, 2019.

7

attorneys' fees and expenses they incurred in litigating this appeal for consideration by this Court in determining the amount to be awarded under this order.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED and that the appellant is ordered to pay the costs assessed by this Court. The appellees are directed to file affidavits showing their reasonable attorneys' fees and expenses in this appeal by April 17, 2019.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice