IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DON L. JOHNSON,

        Plaintiff-below,
        Appellant,

   v.

AMERICAN MODERN HOME
INSURANCE COMPANY,

        Defendant-below,
        Appellee.

: C.A. No. K20A-03-002 WLW
:
:
:
:
:
:
:
:
:
:
:
:

Submitted: October 2, 2020
Decided: January 26, 2021

**ORDER**

Upon an Appeal from the Decision
Of the Court of Common Pleas.
*Affirmed.*

Gary E. Junge, Esquire of Schmittinger & Rodriguez, P.A., Dover, Delaware; attorney for Appellant.

William A. Crawford, Esquire and Michael P. Torrice, Esquire of Franklin & Prokopik, Newark, Delaware; attorneys for Appellee.

WITHAM, R.J.

Pending before the Court is an appeal filed by Appellant-Plaintiff Below, Don Johnson (hereafter "Johnson"), seeking reversal of the March 6, 2020, decision by the court below in favor of the Appellee-Defendant Below, American Modern Home Ins. Co. (hereafter "AMHIC"). Johnson's appeal is based on the court below committing legal error. This Court has considered the briefs of both parties, the decision of the court below, and *affirms* the court below.

## Facts and Procedural Background

This case began when Johnson purchased insurance for a manufactured home on March 11, 2016. The manufactured home was used by Johnson as rental property, and on March 17, 2016, AMHIC issued an insurance policy to Johnson for the home and backdated it to March 11, 2016. On April 18, 2016, the manufactured home was burned to the extent of being declared a total loss. As a result, on April 20, 2016, Johnson submitted a claim to AMHIC. AMHIC then opened an investigation that resulted in denying Johnson's claim on October 18, 2016. AMHIC's explanation for the denial was that Johnson had misrepresented a material fact when applying for insurance and that the policy would be rescinded on those grounds.[1] Johnson filed his claim with the court below on March 2, 2017.

This matter came before the Court of Common Pleas for a bench trial on June 10, 2019. Johnson testified that he applied for an insurance policy over the phone with an insurance agent of Parris Patten Insurance Agency.[2] Johnson

---

1 *Johnson v. American Modern Home Ins. Co.*, C.A. No. CPU5-17-000353 at n. 1 (Del. Com. Pl. Mar. 6, 2020). Here the Court of Common Pleas cites to question number 5 on the insurance application as the misrepresentation.

2 Def.'s Reply Brief at 3. The application process for AMHIC insurance was conducted by a

testified that, when asked if he already had insurance on the manufactured home, he did not. He further testified on direct examination and on cross-examination that, when he came to the Parris Patten Insurance Agency office to sign the application, he did not read through it and simply signed the application.[3]

Through testimony, the question at issue pertains to whether Johnson had the manufactured home insured before applying for insurance coverage from AMHIC. The testimony indicates that an AMHIC policy would not be issued if the applicant answered "yes" to the question regarded whether the "dwelling is currently uninsured."[4] At the time Johnson was asked about whether his property was insured prior to applying for the AMHIC policy, he told the Parris Patten insurance agent "yeah, I've got L & M."[5] This was interpreted by the insurance agent to mean that Johnson had a policy with a "local area broker."[6]

Testimony of AMHIC's quality assurance employee revealed that there was no reason to conduct a review of Johnson's application because his application did "not cause an underwriting concern."[7] The quality assurance employee went on to testify that had the question asking if the property was uninsured been marked "yes" then the application would have been marked "do not submit in any case," meaning that the policy application for which Johnson sought would have been

---

third-party insurance vendor, Parris Patten.

[3] *Johnson*, C.A. No. CPU5-17-000353 at 5 – 6.
[4] *Id.* at 7 – 8.
[5] *Id.* at 7.
[6] *Id.*
[7] *Id.* at 11.

denied.[8] Finally, the quality assurance employee testified that knowing that a dwelling has been uninsured for any length of time leading up to a policy application with AMHIC is a material element in determining whether to issue the policy.[9]

After the bench trial, the court below requested closing arguments in writing from the parties. Johnson filed his closing arguments on July 9, 2019 and AMHIC filed its closing arguments on August 7, 2019. On October 29, 2019, the court below notified AMHIC that additional argument would be needed on the issue of potential damages. AMHIC replied to that request on November 26, 2019. On December 6, 2019, the court below considered the matter fully argued. The court below issued its written decision on this matter on March 6, 2020 and Johnson filed his Notice of Appeal with this Court on March 13, 2020.

## Standard of Review

Superior Court Civil Rule 72(a) gives this Court jurisdiction over appeals "from all commissions, boards, hearing officers under the Personnel Rules of Non-Judicial Employees, or courts from which an appeal may at any time lie to the Superior Court to be tried or heard on the record made below."[10] All appeals to this Court "shall be heard and determined by the Superior Court from the record of proceedings below."[11] This Court cannot substitute its judgment for that of the

---

8 *Id.*
9 *Id.* at 13.
10 Super. Ct. Civ. R. 72(a).
11 Super. Ct. Civ. R. 72(g).

court below if there is substantial evidence supporting the court below's findings.[12] All appeals based on questions of law are reviewed by this Court *de novo*.[13]

## Discussion

Delaware law permits insurers the ability to seek rescission of insurance policies if information provided by the insured on the application for insurance is a material misrepresentation that conceals risk to the insurer in accepting the application.[14] Each party, the insurer and the insured, "have a duty to deal with each other with the utmost fairness...Accordingly, one seeking such insurance coverage must disclose information concerning material [information] known to the applicant in order for there to be an enforceable contract."[15]

The witness testimony before the court below indicates that Johnson breached this duty to deal fairly with AMHIC because he had personal knowledge of the material information, failed to ensure that that knowledge was made known when finalizing his application, and that information was material in approving Johnson's application for the insurance policy. Johnson argues in his opening brief that AMHIC waived its right to rescission for misrepresentation because AMHIC offered a "more generous term of cancellation."[16] Citing to *Dickson-Witmer v. Union Bankers Ins. Co.*, Johnson argues that, by including the words "to the best of

---

12 *Jones v. Delaware Transit Corp.*, 2016 WL 594694 at *2 (Del. Super. 2016), citing *Levitt v. Bouvier*, 287 A. 2d 671 at 673 (Del. 1972).
13 *Jones,* at *2.
14 18 Del. C. § 2711.
15 *Dickson-Witmer v. Union Bankers Ins. Co.*, 1994 WL 164554 at *4 (Del. Super. April 27, 1994) quoting *American Casualty Company of Reading, Pa. v. Ford*, 187 A. 2d 425 at 427 (Del. Ch. 1963).
16 Appellant's Opening Brief at 9.

my knowledge and belief" in the signature bloc on the application, AMHIC "'shifted the focus, in a determination of the truth or falsity of an applicant's statement, from an inquiry into whether the facts asserted were true to whether, on the basis of what he knew, the applicant believed them to be true.'"[17] It would appear it is asserted that, when an insurer offers a less stringent burden on the applicant in providing material information than allowed by statute, the insurer cannot rely on the more rigid burden of the statute later to garner a rescission of the policy.

AMHIC's response to Johnson's argument as based on *Dickson-Witmer* is to distinguish the facts in that case from the facts in Johnson's by stating that "the plaintiff in *Dickson-Witmer* contested a rescission that was based on an alleged misrepresentation in an insurance policy that related to information unknown to the plaintiff."[18] AMHIC points to *Mulrooney v. Life Ins. Co. of the Southwest* as the decisive point. "The plaintiff in *Mulrooney* had the opportunity to review and sign the application prior to the issuance of the policy; she failed to do so to her detriment and, therefore, the misrepresentation was attributable to her based on her signature."[19]. This Court finds the argument of AMHIC more persuasive.

The facts of *Dickson-Witmer* are not supportive of Johnson's case because the information claimed to be material by the insurer in that case could not have been known by the plaintiff based on the application questionnaire. In *Dickson-Witmer,* the plaintiff seeking insurance was presented a question on his application

---

17 *Id.* citing *Dickson-Witmer*, 1994 WL 164554 at *4.
18 Appellee's Response Brief at 8.
19 Appellee's Response Brief at 9.

that was ambiguous with respect to the knowledge of the plaintiff. It asked if "to the best of your knowledge and belief (the same language in the present case), has any person proposed to be insured ever had any indication, diagnosis, or treatment of the nervous system, including grand mal or petit mal epilepsy, headaches, paralysis, mental or emotional disorders, psychiatric treatment, fainting or dizziness?"[20] The plaintiff in *Dickson-Witmer* did not indicate that any of the listed information pertained to him, and the Court accepted his argument writing, "A literal reading of the questions would not give rise to information about counseling from a social worker or therapist, or about experimental use of marijuana and cocaine, or about the occasional thought of suicide. In its attempt to show that these extraneous facts should have surfaced on the application form, the defendant unfairly stretches these questions beyond the scope of their plain meaning."[21] The point in *Dickson-Witmer* is that when the questionnaire presents the applicant with questions that are ambiguous in relation to the applicant's knowledge, the insurer cannot claim that information to be material at a later date in an attempt to secure a rescission.

The exact opposite is true in *Mulrooney*. There the application asked for the person's height and the applicant gave a different height than what she actually was. Her knowledge of her actual height was material because she was applying for health insurance and her knowledge of her actual height was attributable to

---

20 *Dickson-Witmer*, 1994 WL 164554 at *4.
21 *Id.*

7

her.[22] The Court in Mulrooney went on to say that "[s]uffice it so say that the *Dickson-Witmer* court expressly found there were no untrue statements in the application, thus making its consideration of section 2711 dictum. More importantly, it does not matter which standard is applied—strict liability or "knowledge and belief"--if Mrs. Mulrooney's statement that she was 5 feet 8 was attributable to her, it satisfies the "knowledge and belief" standard because she had actual knowledge she was only between 5 feet 4 and 5 feet 5."[23] The Court in *Mulrooney* was saying that the question was not ambiguous in relation to the knowledge of the applicant because when presented with a question dealing with your height, one either knows it or they do not. The same rationale is at play here with Johnson. When presented with the question of whether he had insurance on his manufactured home, he either knew he did or did not at the time he answered the question.

Finally, Johnson had ample opportunity to ensure the accuracy of his answers, and any attempts to argue that he was not walked through the answers on the questionnaire by the Parris Patten agents prior to signing the application will not be accepted. In *Mulrooney*, the Court there stated that "[i]ncluded in this duty of 'utmost fairness' is a duty on the part of the applicant to insure (sic) that the representations on the application are correct."[24] Johnson's duty of fairness included taking the initiative when presenting himself to sign the application in

---

22 *Mulrooney v. Life Ins. Co. of the Southwest*, 2014 WL 4407854 at *9 (Del. Super. Sept. 3, 2014).
23 *Id.*
24 *Id.*

checking to make sure that the answers he provided over the phone were accurate. Johnson's own testimony indicated that he did not review the application before signing it despite given the opportunity to do so.[25]

Johnson had the knowledge as to whether his property had insurance or not. That knowledge was not divulged during his application for insurance from AMHIC. That knowledge was material to AMHIC's decision to insure Johnson's property. Finally, there was no doubt about what information was material to AMHIC's decision to insure the property. AMHIC is statutorily entitled to rescission of the contract. There is not substantial evidence on the record to warrant overturning the court below. This Court finds no error as a matter of law.

Wherefore, because of the reasons stated above, this Court **AFFIRMS** the Court of Common Pleas' decision granting Defendant-Below/Appellee's rescission of contract under 18 Del. C. § 2711.

IT IS SO ORDERED.

/s/ *William L. Witham, Jr.*
Resident Judge

WLW/dmh

---

25 *Johnson*, C.A. No. CPU5-17-000353 at 5 – 6.