IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BACKYARD WORKS INC., | § | |
| | § | No. 66, 2023 |
| Defendant-Below, | § | |
| Appellant, | § | Court Below—Superior Court of |
| | § | the State of Delaware |
| v. | § | |
| | § | C.A. No. S21C-02-003 |
| THOMAS J. PARISI, | § | |
| | § | |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: October 21, 2023
Decided: November 16, 2023

Before **VALIHURA**, **LEGROW**, and **GRIFFITHS**, Justices.

# **O R D E R**

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    Backyard Works Inc., a residential construction company, appeals a Superior Court post-trial opinion, an oral ruling denying its motion to alter judgment, and a final order resolving a payment dispute between itself and Thomas Parisi, a former employee.[1]    Parisi cross-appeals the Superior Court's decision to deny portions of his claim for failure to provide sufficient evidence.[2]

---

[1] *Parisi v. Backyard Works Inc.*, 2022 WL 17588099 (Del. Super. Dec. 12, 2022); App. to Opening Br. at A182 (Jan. 12, 2023 Denial of Motion to Alter Judgment under Rule 59(d)); App. to Opening Br. at A177–78 (Feb. 15, 2023 Final Order).
[2] *See* Answering Br. at 2, 12.

(2) Parisi worked for Backyard Works as a salesman from February 2020 to June 2020 selling fences, porches, and decks. When Backyard Works failed to pay Parisi commissions he believed he was owed after resigning from the company, he sued Backyard Works, alleging breach of contract and a violation of the Delaware Wage Payment and Collection Act (the "Wage Act"). In his complaint, he sought to recover his first week of salary, commissions, liquidated damages, and attorney's fees and costs.

(3) After a one-day bench trial in December 2022, the court awarded partial relief to Parisi. The court found that Backyard Works was dilatory in paying Parisi a $3,038.24 commission, and, pursuant to the Wage Act, found that he should be granted double that amount in liquidated damages. The court also found, however, that most of Parisi's claims failed because he provided no evidence that customers had actually paid anything toward the contracts he negotiated with them. Under Parisi's employment agreement, he only earned a commission on contracts for which a customer provided payment. After trial, Backyard Works filed a motion to alter judgment pursuant to Superior Court Rule 59(d) (the "Motion to Alter").

(4) In January 2023, the Superior Court heard argument on the Motion to Alter. At the hearing, the court observed that Parisi's complaint "in general language raise[d] the very issue [the court] decided th[e] case on[;]" namely, that Parisi's complaint specifically stated that "he wasn't paid within seven days" and that he

2

invoked the Wage Act.[3] The court viewed such statements as "a general statement of the claim as is required by [the State's] pleadings law" and concluded that they "put [Backyard Works] on full notice of the claim that [the court] decided."[4] Ultimately, the court denied the Motion to Alter, finding that it "put too much emphasis on some strict readings of the pretrial stipulation" and noted that when the issue was raised at trial, "it was argued without any mention that it was outside the scope of what the trial was," and the parties stipulated to the evidence.[5] On February 15, 2023, the Superior Court entered judgment in favor of Parisi in a final order.[6]

(5) Backyard Works claims the Superior Court erred in three ways: (1) by failing to follow the pretrial stipulation and order; (2) by failing to enter judgment completely in its favor pursuant to the Rule 41(b) motion made at the close of Parisi's evidence at trial; and (3) by denying the Motion to Alter. On cross-appeal, Parisi claims the Superior Court erred by rejecting proof of earned commissions. The appeal and cross-appeal lack merit for the reasons set forth below.

(6) First, Backyard Works' argument that the Superior Court erred as a matter of law by failing to follow the pretrial stipulation and order under Superior

---

[3] App. to Opening Br. at A163–64 (Transcript of Jan. 13, 2023 Oral Argument).
[4] *Id.* at A164 (Transcript of Jan. 13, 2023 Oral Argument).
[5] *Id.* at A173–74 (Transcript of Jan. 13, 2023 Oral Argument).
[6] *Id.* at A177–78 (Feb. 15, 2023 Final Order) ("[J]udgment is entered in favor of [Parisi] and against [] [Backyard Works] for $3,038.24, with pre-judgment interest at 5.35% from and including July 15, 2020, and with statutory attorney's fees of $7,000.00 and costs in the amount of $1,1016.25 added to the judgment effective December 12, 2022, with post-judgment interest at 5.25% thereafter.")

Court Rule 16(e) fails. We review alleged errors of law *de novo*.[7] Backyard Works contends that the Superior Court erred in granting Parisi relief in the form of liquidated damages for an untimely commission because such relief was premised on a liability and damages theory not contained in the pretrial stipulation. But Backyard Works' reliance on an ultra-strict reading of the pretrial stipulation and order does not hold water for three reasons. First, the pretrial stipulation states that one of the issues that remained to be litigated was whether Parisi was entitled to liquidated damages under 19 *Del. C.* § 1113(c). Second, the issue of Parisi's late commission payment was stipulated to by the parties, and at no time before or during trial did Backyard Works argue that this issue was outside the scope of trial. Finally, as the Superior Court noted, Parisi's complaint specifically sought liquidated damages as one means of relief, thus putting Backyard Works on notice of such a claim throughout the pendency of the litigation. Accordingly, the Superior Court did not err.

(7) Second, Backyard Works' contention that the Superior Court abused its discretion by failing to award Backyard Works complete relief under Rule 41(b)[8] is

---

[7] *Brigade Leveraged Cap. Structures Fund Ltd. v. Stillwater Mining Co.*, 240 A.3d 3, 9 (Del. 2020) (citing *SmithKline Beecham Pharms. Co. v. Merck & Co.*, 766 A.2d 442, 447 (Del. 2000)).

[8] The trial court characterized Backyard's Rule 41(b) motion as a motion for directed verdict. Superior Court Rule 41(b) pertains to involuntary dismissal. It states, in relevant part, that "[a]fter the plaintiff in an action tried by the [Superior Court] . . . has completed the presentation of plaintiff's evidence, the defendant . . . may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The [Superior] Court as trier of the facts may

without merit. Backyard Works makes two arguments on this front: (1) Parisi's request for liquidated damages for unpaid commissions was a new theory of liability and thus could not be awarded; and (2) it submitted adequate proof that all of Parisi's claims merited immediate dismissal. We review decisions on Rule 41(b) motions for abuse of discretion.[9]

(8) Here, the Court did not abuse its discretion. First, for the reasons stated above, we reject Backyard Works' argument that Parisi's request for liquidated damages was a new or improper theory of liability. Second, the Superior Court was well within its discretion to defer ruling on the Rule 41(b) motion until both parties finished putting on evidence under the plain language of the rule.[10] Thus, the Superior Court did not err.

(9) Lastly, Backyard Works argues that the Superior Court abused its discretion in denying the Motion to Alter. We review the Superior Court's denial of a motion under Rule 59 for abuse of discretion.[11] Here too, Backyard Works primarily argues that the Superior Court erred by considering Parisi's request for liquidated damages because it was not in the complaint or pretrial stipulation and

---

then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence." Del. Super. Ct. Civ. R. 41 (emphasis added).

[9] *See Joyner v. Kmart Corp.*, 882 A.2d 761, 2005 WL 2179238 at \*2 (Del. 2005) (TABLE); *see also Gebhart v. Ernest DiSabatino & Sons, Inc.*, 264 A.2d 157, 159 (Del. 1970).

[10] Backyard Works claims that because the court "expressly agreed" with Backyard Works in terms of the sufficiency of Parisi's evidence, it should have granted its motion in its entirety after the close of Parisi's evidence at trial. *See* Am. Opening Br. at 20; Am. Reply Br. at 3.

[11] *Monzo v. Nationwide Prop. & Cas. Ins. Co.*, 249 A.3d 106, 117 (Del. 2021).

order. Backyard Works contends that the issue was raised *sua sponte* after presentation of its Rule 41(b) motion and after it elected not to present evidence on Parisi's late commission payment. We reject this argument. The Superior Court did not "seize on" this issue; the court correctly held that Backyard Works was on notice of the claim since Parisi filed his complaint. In sum, Backyard Works failed to meet its heavy burden under Rule 59(d) to show a "need to correct an error of law or prevent manifest injustice."[12] Accordingly, the court correctly denied the Motion to Alter on the basis that it "merely restate[d] arguments already considered and rejected during the litigation."[13]

(10) Parisi's argument on cross-appeal—that the Superior Court abused its discretion by failing to recognize the significance of contracts representing "sold jobs"[14] and Backyard Works' failure to pay commissions on those contracts—similarly lacks merit. Parisi contends that the Superior Court should have credited the existence of the contracts as being proof of payment, regardless of whether they contained customer signatures. When reviewing factual findings from the Superior Court, we are charged with determining whether the findings are "the product of a

---

[12] *CRE Niagara Holdings, LLC v. Resorts Grp., Inc.*, 2021 WL 2110769, at *4 (Del. Super. May 25, 2021).

[13] *Monzo*, 249 A.3d 117.

[14] At trial, Backyard Works' sales manager testified that "when a customer signs a contract and puts a deposit down, that would be considered a sold job." App. to Opening Br. at A67–68 (Transcript of Dec. 5, 2022 Superior Court Trial).

logical and deductive process and not clearly wrong."[15] Here, the Superior Court's findings were not clearly wrong. The court correctly pointed out that without any evidence of signed contracts, it could not provide the relief Parisi sought. Under Delaware law, "the party seeking damages bears the burden, by a preponderance of the evidence, of proving the damages to reasonable degree of certainty."[16] The Superior Court did not err in finding that Parisi failed to meet that burden as to the commissions.

NOW, THEREFORE IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *N. Christopher Griffiths*
Justice

---

[15] *Wilkinson v. Ronan*, 2000 WL 628334, at *1 (Del. 2000) (quoting *Levitt v. Bouvier*, 287 A.2d 671, 673 (Del. 1972)).
[16] *CNH Indus. Am. LLC v. Am. Cas. Co. of Reading*, 2017 WL 1314111, at *2 (Del. Super. Apr. 6, 2017).

7