ROBERT T. WRIGHT, Defendant/Appellant Below-Appellant,
v.
PLATINUM FINANCIAL SERVICES, et al., Plaintiffs/Appellees Below-Appellees.
No. 139, 2007.
Supreme Court of Delaware.
Submitted: May 10, 2007.
Decided: June 28, 2007.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY DUPONT RIDGELY, Justice.
This 28th day of June 2007, upon consideration of the appellant's opening brief and the appellees' motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, Robert T. Wright, filed an appeal from the Superior Court's February 16, 2007 order affirming the Court of Common Pleas' April 24, 2006 order dismissing his counterclaim and denying his motions to dismiss, to seal the court record, for entry of default judgment and for damages. The plaintiffs-appellees, Platinum Financial Services ("Platinum"), Arrow Financial Services, LLC, Providian Bank, Neal J. Levitsky, Esquire, Wolpoff & Abramson, LLP, Seth Neiderman, Esquire, and Fox Rothschild, LLP (collectively, the "Appellees"), have moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Wright's opening brief that the appeal is without merit.[1] We agree and affirm.
(2) In February 2003, Platinum sued Wright in the Court of Common Pleas for $4,295.88, plus interest and attorney's fees it claimed were due and owing in connection with goods and/or services it allegedly had provided to Wright. An initial attempt at service on Wright was unsuccessful and Platinum moved for an enlargement of time for the issuance of an alias summons. The return of service affidavit reflects that Wright was served with the complaint on November 10, 2003. When Wright failed to appear and defend, the Court of Common Pleas entered judgment in favor of Platinum in the amount of $6,705.50. At Platinum's request, a wage attachment was issued.
(3) Wright filed a motion to dismiss the complaint and quash the wage attachment, claiming that he was never properly served and that the statute of limitations on Platinum's claims had run. Wright also filed a "counterclaim" against the Appellees in the amount of $50,000, alleging gross negligence in connection with their attempts to serve him and fraud in connection with $486.00 allegedly received from his employer.
(4) The Court of Common Pleas vacated the default judgment on December 23, 2005, and an evidentiary hearing was scheduled on the issue of service. In lieu of a hearing, the Court of Common Pleas ordered Platinum to re-serve Wright. On January 25, 2006, Platinum's motion for an enlargement of time in which to file an alias summons was granted. The record reflects that Wright was personally served on February 19, 2006. On March 9, 2006, Wright filed his answer to the complaint in the form of a motion to dismiss, a motion to seal the file, a motion for default judgment, and a motion for damages in the amount of $50,000 based upon the Appellees' alleged gross negligence and fraud.
(5) At oral argument on April 21, 2006, Platinum voluntarily dismissed its complaint with prejudice. The Court of Common Pleas took Wright's submissions under advisement and, by order dated April 24, 2006, dismissed his "counterclaim" and denied his motions as meritless. The Court of Common Pleas found, among other things, that all monies collected to satisfy the judgment against Wright had been returned to him and that Wright had never received permission to assert a counterclaim against the Appellees pursuant to Court of Common Pleas Civil Rule 13(e). Wright then filed a timely appeal in the Superior Court.
(6) In Wright's appeal to the Superior Court, he alleged that Platinum failed to properly serve him and that the Appellees submitted fraudulent documents to the Court of Common Pleas, failed to answer his counterclaim, and improperly interfered with court procedures. In its February 16, 2007 order, the Superior Court affirmed the decision of the Court of Common Pleas, ruling that the Court of Common Pleas had committed no error or abuse of discretion.
(7) In an appeal from the Court of Common Pleas to the Superior Court, the standard of review is whether there is legal error and whether the factual findings made by the trial judge are sufficiently supported by the record and are the product of an orderly and logical deductive process.[2] Findings of the trial court that are supported by the record must be accepted by the reviewing court even if, acting independently, it would have reached a contrary conclusion.[3] This Court applies the same standard of review to the Superior Court's decision.[4]
(8) We conclude, as did the Superior Court, that the factual findings of the Court of Common Pleas are supported by the record and are the product of an orderly and logical reasoning process. It is manifest on the face of the opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the Appellees' motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Supr. Ct. R. 25(a).
[2] Levitt v. Bouvier, 287 A.2d 671, 673 (Del. 1972).
[3] Id.
[4] Baker v. Connell, 488 A.2d 1303, 1309 (Del. 1985).