IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GERALD JONES, | § | |
| | § | No. 393, 2014 |
| Plaintiff/Appellant-Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for New Castle County |
| | § | |
| THE HERTZ CORPORATION and | § | C.A. No. N13A-07-006 |
| CITIGROUP INC. D/B/A | § | |
| CITIBANK, | § | |
| | § | |
| Defendants/Appellees-Below, | § | |
| Appellees. | § | |

Submitted: September 17, 2014
Decided: December 2, 2014
Corrected: December 3, 2014

Before **HOLLAND**, **RIDGELY** and **VALIHURA,** Justices.

## O R D E R

This 2nd day of December 2014, upon consideration of the appellant's opening brief and the joint motion to affirm filed by the appellees, it appears to the Court that:

(1)    The appellant, Gerald Jones, filed this appeal from the Superior Court's July 8, 2014 decision affirming the Court of Common Pleas' dismissal of Jones' appeal *de novo* from a Justice of the Peace Court decision.  We conclude that the Superior Court's judgment must be affirmed.

(2) The record reflects that Jones sued The Hertz Corporation and Citigroup, Inc. d/b/a Citibank (hereinafter "Hertz") in the Justice of the Peace Court seeking to recoup $13,938.00 for alleged fraudulent car rental charges. Hertz filed a counterclaim for $15,000.00. After a trial, the Justice of the Peace Court ruled against Jones and in favor of Hertz on its counterclaim.

(3) Jones filed an appeal *de novo* in the Court of Common Pleas. Jones' appeal consisted of a seven-count complaint against Hertz, seeking $313,978.00 in compensatory and punitive damages. Hertz filed a motion to dismiss. After a hearing, and in a ruling from the bench, the Court of Common Pleas dismissed the appeal under Court of Common Pleas Civil Rule 72.3(f) for Jones' violation of the "mirror image rule."[1]

(4) Jones appealed to the Superior Court. Following briefing by the parties, the Superior Court affirmed the decision of the Court of Common Pleas.[2] This appeal followed.

(5) In an appeal from the Court of Common Pleas to the Superior Court, the standard of review is whether there is legal error and whether the factual findings made by the trial judge are sufficiently supported by the record and are the product of an orderly and logical deductive process. Findings of the trial court that are supported by the record must be accepted by the reviewing court even

---

[1] *See* Ct. Com. Pl. Civ. R. 72.3(f) ("An appeal to this Court that fails to . . . raise the same issues that were before the Court below shall result in a dismissal on jurisdictional grounds.").

[2] *Jones v. The Hertz Corporation*, 2014 WL 3401606 (Del. Super. Ct. July 8, 2014).

if, acting independently, it would have reached a contrary conclusion. This Court applies the same standard of review to the Superior Court's decision.[3]

(6)     Having reviewed the parties' positions on appeal and the Superior Court record, we conclude that there is no basis for disturbing the factual findings of the Superior Court and no errors of law. The Superior Court's deductions and inferences are the product of a logical and deductive reasoning process. Jones has failed to identify any factual findings or inferences made by the Superior Court that are clearly wrong, unsupported by the record or illogical. In the absence of any legal error or abuse of discretion, the judgment of the Superior Court affirming the Court of Common Pleas' dismissal of Jones appeal *de novo* must be affirmed.

NOW, THEREFORE, IT IS ORDERED that the joint motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice

---

[3] *Wright v. Platinum Fin. Serv.*, 2007 WL 1850904, at *2 (Del. June 28, 2007) (citing *Baker v. Connell*, 488 A.2d 1303, 1309 (Del. 1985); *Levitt v. Bouvier*, 287 A.2d 671, 673 (Del. 1972)).