# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JOSEPH M. WALLS, )
)
    Appellant/Plaintiff-Below, )
)
    v. ) C.A. No. N16A-10-012 ALR
)
BRUCE BURTON and, )
AKINBAYO KOLAWOLE, )
)
    Appellees/Defendants-Below. )

Submitted: December 21, 2018
Decided: February 6, 2019

*On Appeal from the Decisions of the Court of Common Pleas*
**AFFIRMED**

## ORDER

This is an appeal from the Court of Common Pleas on an Order granting summary judgment to Defendants-Below. Upon consideration of the facts, arguments, and legal authorities set forth by the parties; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. Appellant/Plaintiff-Below, Joseph M. Walls ("Walls"), filed a civil lawsuit in the Court of Common Pleas on June 26, 2015, against Appellees/Defendants-Below, state officials employed by the Department of Corrections ("DOC").

2. After a hearing on July 29, 2016, the Court of Common Pleas granted summary judgment to DOC on the basis of Walls' failure to exhaust administrative remedies available by means of DOC's grievance process.[1]

3. Walls filed a Motion for Reargument which was subsequently denied by Order dated October 10, 2016.[2]

4. Walls now appeals from the Court of Common Pleas decision granting DOC's Motion for Summary Judgment and denial of the Motion for Reargument. Walls contends that summary judgment was inappropriate because a disputed material fact existed as to whether the grievance process was available to resolve Walls' claim.

5. In response, DOC argues that the Court of Common Pleas' properly granted summary judgment on the ground of non-exhaustion of remedies.

6. When considering an appeal from the Court of Common Pleas, "this Court sits as an intermediate appellate court."[3] The Court's appellate role is limited to correcting legal error and determining whether factual findings are "sufficiently supported by the record and are the product of an orderly and logical deductive

---

[1] *Joseph M. Walls v. Bruce Burton, et al.*, C.A. No. CPU4-15-001340, at 82-83 (Del. Com. Pl. July 29, 2016) (TRANSCRIPT).

[2] *Joseph M. Walls v. Bruce Burton, et al.*, C.A. No. CPU4-15-001340, at 1 (Del. Com. Pl. October 10, 2016) (ORDER).

[3] *State v. Richards*, 1998 WL 732960, at *1 (Del. Super. May 28, 1998).

process."[4]  The decision of the Court of Common Pleas granting summary judgment presents a question of law that is entitled to *de novo* review by this Court.[5]  A decision granting summary judgment will be affirmed if it appears from the record, in a light most favorable to the non-moving party, "that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law."[6]

7.      Pursuant to Delaware statutory law, "[a] prisoner may not bring or file a complaint relating to a condition of confinement . . . unless the prisoner has fully exhausted all administrative remedies available through the institutional grievance procedure."[7]  The record in this case reveals that the Court of Common Pleas properly found that Walls failed to exhaust his administrative remedies before initiating the civil action.  Accordingly, the decision granting DOC's Motion for Summary Judgment must be affirmed.

8.      A *de novo* review of this case reveals that there are no genuine issues of material fact and DOC is entitled to judgment as a matter of law.  The Court of Common Pleas decision is free from legal error.  Moreover, the Court of Common Pleas' factual findings are supported by the record and are the product of an orderly and logical deductive process.

---

[4] *Wright v. Platinum Fin. Services*, 2007 WL 1850904, at *2 (Del. June 28, 2007).
[5] *Jackson v. Walgreens Corp.*, 2013 WL 2145938, at *2 (Del. Super. May 15, 2013).
[6] *Id.*
[7] 10 *Del. C.* §8804(g).

**NOW, THEREFORE,** this 6th day of February, 2019, for the reasons stated herein, the Court of Common Pleas decision granting Defendant's Motion for Summary Judgment and denial of the Motion for Reargument is **AFFIRMED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
_____
**The Honorable Andrea L. Rocanelli**

cc:    Joseph M. Walls