## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MELANIE MEYERS,      )
     )
     Appellant,      )
     )
     v.      )      C.A. No. K24A-10-002 NEP
     )
CHATHAM COVE ASSOCIATION   )
OF UNIT OWNERS,      )
     )
     Appellee.      )

Submitted: March 26, 2025
Decided: June 24, 2025

## MEMORANDUM OPINION AND ORDER

*Upon Appeal from the Court of Common Pleas*

### REVERSED AND REMANDED

Gary E. Junge, Esq., Schmittinger & Rodriguez, P.A., Dover, Delaware, *Attorney for the Appellant*.

David C. Zerbato, Esq., Morton, Valihura, & Zerbato, LLC, Greenville, Delaware, *Attorney for the Appellee*.

**Primos, J.**

Appellant Melanie Meyers ("Meyers") appeals the October 7, 2024, final decision and order of the Court of Common Pleas (the "Trial Court") awarding damages and attorneys' fees to Appellee Chatham Cove Association of Unit Owners (the "Association") following a bench trial. For the reasons that follow, the Trial Court's order is **REVERSED AND REMANDED** for further proceedings consistent with this opinion.

## I. BACKGROUND[1]

### A. Statement of facts

The following facts, as found by the Trial Court,[2] are relevant to this appeal.

On February 23, 2022, Meyers purchased a condominium unit in the Chatham Cove community. The deed referenced Title 25, Chapter 22, of the Delaware Code (which governs unit properties like condominiums) and referred to documents including Chatham Cove's Declaration of Condominium and Code of Regulations.

Upon taking possession of her unit, Meyers received a welcome letter stating that her common expenses would be $110.00 per month. Later, Meyers' monthly expense statements included an additional $160.00 charge for a "Roof and Deck Assessment," which Meyers did not pay. Approximately three months after Meyers took possession, the Association's treasurer approached Meyers, provided her an "amortization schedule," and explained that both the schedule and $160.00 charge were for a special assessment agreed upon by the Association's members in 2019. Although unit owners were given the option to pay for their share of the cost to replace the community's roofs and decks in a single up-front payment, the prior owner of Meyers's unit had opted to pay in installments.

Meyers requested records from the treasurer showing how much of the special

---

[1] Citations in the form of "D.I. ___" refer to docket items. Citations in the form of "A___" refer to the Appendix to Appellee Chatham Cove Association of Unit Owners' Answering Brief on Appeal (D.I. 10).
[2] *See* A000002–04.

assessment had already been paid. The Association did not provide these documents. Meyers claimed that she was previously unaware of the special assessment because she had not been informed of its existence by the prior owner, her closing attorney, or the Association before she took possession of her unit. Meyers continued to pay her $110.00 monthly common expenses charge but refused to pay the $160.00 charge for the special assessment.

## B. Procedural history

The Association brought an action in the Justice of the Peace Court to recover Meyers' allegedly past-due payments on the special assessment. On August 28, 2023, Meyers prevailed in the Justice of the Peace Court. The Association appealed to the Trial Court for a trial *de novo*.[3] Following a bench trial, the parties submitted written closing arguments to the Trial Court. On October 7, 2024, the Trial Court issued a final decision and order finding in favor of the Association and ordering Meyers to pay damages (including late fees and interest), court costs, and attorneys' fees.

Meyers timely appealed[4] to this Court, contending that the Trial Court's findings, such as its calculation of damages and attorneys' fees, were not adequately supported by the record and that it had abused its discretion in various ways, including by awarding attorney's fees without considering the factors required by *General Motors Corporation v. Cox*.[5] On December 2, 2024, Meyers filed her opening brief in this Court.[6] The Association filed its answering brief on December 23, 2024.[7] Meyers filed a reply on January 8, 2025.[8] This Court heard oral argument

---

[3] *See* 10 *Del. C.* § 9571.
[4] D.I. 1.
[5] 304 A.2d 55 (Del. 1973).
[6] D.I. 9.
[7] D.I. 10.
[8] D.I. 11.

3

on March 26, 2025, and withheld judgment pending a written decision.[9]

## II.  ANALYSIS

### A. Standard of review

On appeal from the Court of Common Pleas, the Superior Court "sits as an intermediate appellate court."[10]  In its appellate role, this Court functions much like the Supreme Court.[11]  By statute, appeals from the Court of Common Pleas "shall be reviewed on the record and shall not be tried *de novo*."[12]  "As to factual findings, this Court's role is to review the challenged factual findings of the lower court to determine if they [are] sufficiently . . . supported by the record and are the product of an orderly and logical deductive process."[13]  This Court will not make its own factual findings, weigh evidence, or make credibility determinations.[14]  Questions of law are reviewed *de novo*.[15]

### B. The Trial Court's damages award was not adequately supported by the record or applicable reasoning.

The Supreme Court has "explained that '[i]n making a decision on damages, or any other matter, the trial court must set forth its reasons.  This provides the parties with a record basis to challenge the decision.  It also enables a reviewing court to properly discharge its appellate function.'"[16]  Here, the Trial Court did not explain

---

[9] *See* D.I. 15 (judicial action form).

[10] *Miller v. Onix Silverside, LLC*, 2016 WL 4502012, at *5 (Del. Super. Aug. 26, 2016) (citing *State v. Richards*, 1998 WL 732960, at *1 (Del. Super. May 28, 1998)).

[11] *Id.* (citing *Baker v. Connell*, 488 A.2d 1303, 1308 (Del. 1985)).

[12] *August v. Lin*, 2019 WL 3976040, at *3 (Del. Super. Aug. 20, 2019) (quoting 10 *Del. C.* § 1326(c)).

[13] *Miller*, 2016 WL 4502012, at *5 (citing *Levitt v. Bouvier*, 287 A.2d 671, 673 (Del. 1972)).

[14] *Id.* (citing *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965)); *see also Hicklin v. Onyx Acceptance Corp.*, 970 A.2d 244, 248 (Del. 2009) ("Factual findings of the Court of Common Pleas that are supported by the record will be upheld even if, acting independently, the Superior Court would have reached a contrary result." (citing *Wright v. Platinum Fin. Servs.*, 930 A.2d 929, 2007 WL 1850904, at *2 (Del. June 28, 2007) (ORDER)).

[15] *Miller*, 2016 WL 4502012, at *5 (citing *Downs v. State*, 570 A.2d 1142, 1144 (Del. 1990)).

[16] *Bako Pathology LP v. Bakotic*, 288 A.3d 252, 278 (Del. 2022) (quoting *Ams. Mining Corp. v. Theriault*, 51 A.3d 1213, 1251 (Del. 2012) (alteration in original)); *see also RBC Cap. Mkts., LLC*

the reasoning underlying its damages award. Additionally, the award appears to rest on a misunderstanding of the relief sought by the prevailing party.

The Trial Court found Meyers "liable for the remaining amount of the special assessment determined by the [Association], in the amount of $5,220.00."[17] The Association, however, acknowledges that it did not seek "the remaining amount of the special assessment," but, rather, "the outstanding assessments and fees at the time of the Complaint on Appeal filed in [the Trial Court], plus all assessments, which accrue by the time of trial[.]"[18] In plainer terms, it appears that the Association sought arrears, but the Trial Court awarded the full principal of the assessment. In its written closing statement, the Association requested "judgment in the amount of $5,220.00 in unpaid assessments and late fees."[19] The Trial Court accepted the Association's calculations for such "unpaid assessments and late fees" but recharacterized them as "the remaining amount of the special assessment." The Association has pointed to no facts in the record suggesting that the remaining balance of the assessment totaled $5,220.00. This error is material not just because the damages figure may be unreliable, but also because the Trial Court's order would seemingly relieve Meyers of any further duty to make payments under the assessment.

The Trial Court's award also appears to double-count the applicable late fees. In addition to the $5,220.00 award for "the remaining amount," the Court ordered that Meyers "pay all late fees, and pre-judgment and post-judgments [sic] interest at the current legal rate, court costs, and attorneys' fees[.]"[20] However, the Association's $5,220.00 calculation, which the Court appears to have adopted,

---

v. *Jervis*, 129 A.3d 816, 868 (Del. 2015) (en banc) (same).
[17] A000006.
[18] D.I. 10, 18 (quoting the Complaint).
[19] D.I. 9, Ex. G, § E.
[20] A000006.

explicitly included "late fees."[21]

In summary, the Trial Court did not explain how it arrived at its damages calculation and awarded a measure of damages not sought by the Association or supported by the record. As a result, this Court must reverse, and, for the reasons stated later in this opinion, remand for further consideration.

### C. The Trial Court did not adequately explain its rejection of Meyers's affirmative defense.

Because the Trial Court did not explain the basis of its conclusion that "Ms. Myers [sic] did not assert a defense under 10 [sic] Del. C. § 2237,"[22] the Court cannot determine whether that holding should be affirmed or whether it rested on a mistake of fact or law. 25 *Del. C.* § 2237 provides, in relevant part, that:

> any person who shall have entered into a written agreement to purchase a unit shall be entitled to obtain a written statement from the treasurer setting forth the amount of unpaid assessments charged against the unit and its owners and, if such statement does not reveal the full amount of the unpaid assessments as of the date it is rendered, neither the purchaser nor the unit shall be liable for the payment of an amount in excess of the unpaid assessments shown thereon.

The Trial Court's holding that Meyers did not assert a defense under the statute could be interpreted to mean that Meyers failed to raise a defense at trial; that Meyers raised a defense that was somehow procedurally defaulted; or that Meyers raised a valid defense that did not apply given the facts of the case.

This ambiguity exists because the Trial Court's opinion did not connect its findings of fact to its conclusion that Meyers did not assert a defense. Instead, the Trial Court wrote only that "Ms. Meyers requested records from [the treasurer] showing how much of the special assessment had been paid when [the previous owner] was the owner, but these documents were not provided."[23] Unanswered by

---

[21] D.I. 9, Ex. G, § E.
[22] A000006.
[23] A000004.

the Court's opinion is whether Meyers failed to make a request satisfying the requirements of 25 *Del. C.* § 2237, and whether the Association complied with its obligations under the statute.

These omissions preclude meaningful appellate review because this Court cannot independently determine what legal analysis was required. For example, if the Trial Court determined that Meyers' central failing was not requesting information until after she purchased her unit, that determination should not have been reached unless the Court interpreted the statute to mandate such a result. The application of 25 *Del. C.* § 2237 to requests made after closing is a matter of first impression. The parties also hotly dispute whether the statute requires disclosure of the outstanding principal of any assessment or only past-due payments remaining from prior ownership. This Court will not attempt to resolve any potential ambiguity in the statute in this procedural posture, because, depending on the Trial Court's factual findings on remand, any such construction may be unnecessary.

### D. The Trial Court failed to indicate that it considered the requisite factors before awarding attorneys' fees.

It was not *per se* error to award attorneys' fees in this case. Generally, "under the American Rule, prevailing litigants bear the responsibility of paying their own attorneys' fees."[24] Attorneys' fees will be awarded, however, if "clearly provided for by statute or contract."[25] A condominium declaration and its accompanying code of regulations together form a contract between the unit owners.[26] Paragraph 6(D)(1) of the Code of Regulations for Chatham Cove states that "all sums assessed

---

[24] *Nat'l Grange Mut. Ins. Co. v. Elegant Slumming, Inc.*, 59 A.3d 928, 933 (Del. 2013) (citing *Goodrich v. E.F. Hutton Grp., Inc.*, 681 A.2d 1039, 1044 (Del. 1996)).
[25] *Hamilton v. Nationwide Mut. Fire Ins. Co.*, 2018 WL 6042813, at *1 (Del. Super. Nov. 16, 2018) (quoting *Honaker v. Farmer's Mut. Ins. Co.*, 313 A.2d 900, 904 (Del. Super. Nov. 5, 1973)).
[26] *Council of Dorset Condo. Apartments v. Gordon*, 801 A.2d 1, 5 (Del. 2002) (citation omitted); *Smernoff, Tr. Under Gerald N. Smernoff Revocable Tr. Dated May 24, 2000 v. The King's Grant Condo. Ass'n, Inc.*, 2024 WL 3384826, at *7 (Del. Ch. July 12, 2024) (quoting *One Virginia Ave. Condo. Ass'n of Owners v. Reed*, 2005 WL 1924195, at *6 (Del. Ch. Aug. 8, 2005)).

7

by the Council against any Unit Owner as . . . a special assessment" are a "personal liability of the owner of the unit so assessed," and that said owner shall be "obligated to pay . . . reasonable attorneys fees, incurred in the collection of the delinquent assessment by legal proceedings or otherwise."[27]  By purchasing her unit, Meyers became a party to the contractual provisions of the Code of Regulations.[28]  Assuming that the Trial Court was correct in finding her delinquent in payment of the assessment, Meyers was obligated to pay the Association's reasonable attorneys' fees in connection with its efforts to collect.

The Trial Court awarded the full attorneys' fees requested by the association but did not address the requisite factors to determine if the fee request was reasonable.  Although the *Cox* factors are most commonly applied to decisions of administrative agencies, Delaware courts, just like state agencies, must consider those factors, which derive from the Delaware Rules of Professional Conduct.[29]  A trial court's consideration of the *Cox* factors may be brief.[30]  It may even suffice for the court to state in conclusory fashion that it considered the factors.[31]  The record must, however, contain some showing that the Court considered them.[32]

Thus, this Court must reverse the attorneys' fee award as well.  "[F]ailure to

---

[27] A000049–50.

[28] *See* A000036 (Paragraph 2(A)(1) of the Code of Regulations, stating that "a person shall automatically become a member of the Association at the time he acquires title to his unit and he shall continue to be a member so long as he continues to hold title to his unit.").

[29] *Hamilton*, 2018 WL 6042813, at *5 ("The Delaware Rules of Professional Conduct provide factors to consider in assessing reasonable attorney's fees.  Delaware Professional Conduct Rule 1.5(a) requires consideration of . . . factors, outlined in *Cox*." (citing *Cox*, 304 A.2d at 57)); *Elegant Slumming*, 59 A.3d at 933 (stating that the trial court "appropriately" applied the *Cox* factors); *Miller*, 2016 WL 4502012, at *8 (same).

[30] *Dutton Bus Serv., Inc. v. Garrison*, 2021 WL 6109799, at *6 (Del Super. Dec. 21, 2011).

[31] *Id.* at *6–7 (citing *LaRue v. Steel*, 2016 WL 537614, at *6 (Del. Super. Feb. 10, 2016); *Short v. Reed Trucking Co.*, 2012 WL 1415595, at *1 (Del Super. Feb. 14, 2012), *aff'd*, 72 A.3d 502, 2013 WL 3899505 (Del. July 25, 2013) (TABLE)).

[32] *Day & Zimmerman Sec. v. Simmons*, 965 A.2d 652, 659 (Del. 2008) (citing *Cox*, 304 A.2d at 57); *see also Porter v. Insignia Mgmt. Grp.*, 2003 WL 22455316, at *7 (Del. Super. Sept. 26, 2003) (reversing award where board failed to address five of the *Cox* factors).

give adequate consideration to the *Cox* factors is an abuse of discretion."[33] The appellate court "should not be compelled to speculate or make assumptions as to what factors the [trial court] considered in making its determination."[34]

### E. Remand is the appropriate remedy in this case.

Remand is appropriate to allow the Trial Court to either explain or revise its damages calculation. In *Bako Pathology LP v. Bakotic*, the Supreme Court remanded a case to the Superior Court because the former "[could not] determine for certain whether the Court simply misstated what it did or whether it misapplied the damages formula."[35] Here, this Court cannot be certain whether or not the Trial Court intended its damages calculations to encompass only arrears, whether it intended late fees to be additional to its damages calculation, and whether it intended for Meyers to be relieved of further obligations under the assessment. It would be inappropriate for this Court to find the necessary facts to recalculate the measure of damages, and simply reversing the damages award without remand would be an unjustified windfall to Meyers.

Remand is similarly appropriate to enable the Trial Court to explain its rejection of Meyers' affirmative defense. Although the Court reviews questions of law *de novo*, the appropriate resolution of Meyers' defense represents a mixed question of law and fact that this Court is unable to address. It is not clear that all the facts necessary to application of the relevant statute were stated in the Trial Court's opinion, nor which facts the Trial Court found relevant to the application of the statute. Thus, a remand is necessary for the Trial Court to conduct such additional fact finding, if any, as it thinks necessary, and to state which facts form

---

[33] *Thomason v. Temp Control*, 2002 WL 1308360, at *3 (Del. Super. May 30, 2002) (quoting *Woodall v. Playtex Prods., Inc.*, 2002 WL 749188, at *2 (Del. Super. Apr. 26, 2002)).
[34] *Id.* (quoting *Taylor v. Walton Corp.*, 2002 WL 264447, at *4 (Del. Super. Feb. 22, 2002)).
[35] 288 A.3d at 278.

9

the basis for its conclusion.[36] "In fairness to the [T]rial [C]ourt, this fact finding process need not be limited to the current record[.]"[37]

Finally, Remand is also appropriate on the attorneys' fee issue. "The [C]ourt cannot exercise its function on appeal if the [trial court] does not make adequate findings concerning each of the *Cox* factors."[38] Meyers argues that this Court should deny the Association's attorneys' fee request with prejudice because its counsel's affidavit was insufficient, citing another Superior Court case in which the same law firm was denied attorneys' fees requested in a similar affidavit.[39] However, that case is distinguishable on various grounds. In this case, for example, the Association's written closing included an invitation for the Trial Court to request a supplemental affidavit if the one tendered were deemed insufficient.[40] Under these circumstances, sanctioning the Association in the manner Meyers wishes would be excessively punitive.[41] Such a decision would also go against the plain intent of the contracting parties (reflected in the Code of Regulations) to shift attorneys' fees to unit owners who wrongly withhold payment. "When parties have ordered their affairs voluntarily through a binding contract, Delaware law is strongly inclined to respect

---

[36] *Cf. Seaford Golf and Country Club v. E.I. duPont de Nemours and Co.*, 925 A.2d 1255, 1264 (Del. 2007) (remanding where the trial court failed to explain why it accepted one factual inference while rejecting another, reasonable, inference).

[37] *Id.*

[38] *Willis v. Plastic Materials, Co.*, 2003 WL 164292, at *2 (Del. Super. Jan. 13, 2003) (citing *Taylor*, 2002 WL 264447).

[39] *See 1205 Coastal, LLC v. Cove Owners Ass'n, Inc.*, 2024 WL 1007719, at *2 (Del. Super. Mar. 8, 2024).

[40] *See* D.I. 9, Ex. G, § E n.30.

[41] The Trial Court's attorneys' fees award—$10,806.50—was more than double its damages award. Assuming that the requested attorneys' fees would be reasonable under the *Cox* factors, it would be a perverse outcome for the prevailing party to be placed in a worse position than if it had never sued (when a contract evinces a clear intent for that party to be made whole) simply because its counsel made a mistake.

their agreement[.]"[42]  Further, Meyers' preferred outcome would be contrary to the Superior Court's general practice of remanding under these circumstances.[43]

## III.   CONCLUSION

For the foregoing reasons, the Court finds that the Trial Court's final decision and order of October 7, 2024, was not adequately supported by the record, and that the Trial Court failed to indicate, as required, that it considered the *Cox* factors before awarding attorneys' fees.

**WHEREFORE**, the Court of Common Pleas' final decision and order of October 7, 2024, is **REVERSED,** and this case is **REMANDED** for further proceedings consistent with this opinion.  Jurisdiction is not retained.

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge


NEP/tls
*Via File & ServeXpress*
oc:  Prothonotary
cc:  Counsel of Record

---

[42] *New Enter. Assocs. 14, L.P. v. Rich*, 295 A.3d 520, 566 (Del. Ch. 2023) (quoting *Libeau v. Fox*, 880 A.2d 1049, 1056 (Del. Ch. 2005), *aff'd in relevant part*, 892 A.2d 1068 (Del. 2006)); *accord Cantor Fitzgerald, L.P. v. Ainslie*, 312 A.3d 674, 677 (Del. 2024).
[43] *See, e.g.*, *Thomason*, 2002 WL 1308360, at *3; *Porter*, 2003 WL 22455316, at *7; *Willis*, 2003 WL 164292, at *2.