# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| VIKTOR S. GOROKHOVSKIY, | : | |
| | : | |
| Appellant, | : | |
| | : | C.A. No. K25A-09-003 JJC |
| v. | : | |
| | : | |
| BARCLAYS BANK DELAWARE, | : | |
| | : | |
| Appellee. | : | |

Submitted: January 23, 2026
Decided: February 26, 2026

## ORDER

On this 26th day of February 2026, having considered Appellant Viktor Gorokhovskiy's appeal from the decision of the Court of Common Pleas, his opening brief, and the record, it appears that:

1. Mr. Gorokhovskiy appeals a default judgment that the trial court entered in favor of Barclays Bank Delaware ("Barclays") after Mr. Gorokhovskiy failed to appear for trial. He asks the Court to reverse that judgment on appeal because he alleges insufficient service of process below. He further contends that Barclays had no standing to bring the suit and that the trial court demonstrated bias in certain discovery rulings, which he contends violated his due process rights. Mr. Gorokhovskiy filed his opening brief in support of his appeal. Barclays failed to file an answering brief or otherwise participate in the appeal, however. For the reasons to follow, the trial court's judgment must nevertheless be affirmed because the appellate record demonstrates no reversible error.

2. In an appeal of a decision of the Court of Common Pleas, the Superior Court must determine whether the trial court committed legal error, whether the record sufficiently supported the trial court's factual findings, and whether the trial

court's conclusions were a product of an orderly and logical deductive process.[1] Superior Court Civil Rule 72 controls the process for these appeals and sets briefing deadlines, subject to adjustment by the Court.[2] When a party fails to file a required brief, the Court sends a brief delinquency notice.[3] In the delinquency notice, the Court provides an extension to file the brief and explains the consequences for failing to do so. When, as here, the offending party is the appellee, the Court has the discretion to decide the appeal adversely to that party or, alternatively, decide the case based on the appellant's brief and the appellate record.[4]

3.     In this case, when Barclays failed to file its brief, the Court sent it a delinquency notice and provided it ten additional days to comply.[5] When that time expired without the filing, the Court notified the parties that it would decide Mr. Gorokhovskiy's appeal after considering only the opening brief and the record.[6]

4.     The Court gleans the following background from the trial court's docket and pleadings. They demonstrate that Barclays filed a complaint in the Court of Common Pleas alleging that Mr. Gorokhovskiy owed Barclays a debt.[7] Barclays attached an affidavit[8] and a credit statement[9] to the complaint in support of its claim for a sum certain – $12,241.26, inclusive of interest. The docket and certified record confirm service upon Mr. Gorokhovskiy at his address of record, via a person of necessarily suitable age – a "Michael, co-tenant."[10] The record further confirms that Mr. Gorokhovskiy had actual notice of the action from the outset. Namely, he filed

---

[1] *Wright v. Platinum Fin. Servs.*, 930 A.2d 929, 2007 WL 1850904, at *2 (Del. 2007) (TABLE).
[2] Super. Ct. Civ. R. 72(g).
[3] *Id.*
[4] Super. Ct. Civ. R. 107(f).
[5] Super. Ct. D.I. 14 [hereinafter, the Court will refer to the Superior Court docket as "Super. Ct. D.I. . . ." and will refer to the Court of Common Pleas docket as "CCP D.I. . . ."].
[6] Super. Ct. D.I. 16.
[7] CCP D.I. 2.
[8] *Id.* at 2.
[9] *Id.* at 3.
[10] CCP D.I. 4.

a timely answer. In it, he acknowledged that he had "received the Summons and Complaint . . . ."[11] He also contemporaneously sent Barclays a discovery request seeking information about an affidavit Barclays had attached to its complaint.[12]

5. The docket, the pleadings, and Mr. Gorokhovskiy's own brief, demonstrate the exercise of considerable patience by the trial court when accommodating Mr. Gorokhovskiy, a self-represented litigant. At first, Mr. Gorokhovskiy failed to appear at a pretrial conference despite undisputed notice of the proceeding.[13] As a result, Barclays' counsel moved for a default judgment. The Court then entered judgment in the amount specified in the complaint, $12,365.76.[14] Mr. Gorokhovskiy then moved to vacate the default judgment.[15] The trial court granted the motion, reopened the case, and scheduled another pretrial conference.[16]

6. The trial court then accommodated Mr. Gorokhovskiy's further requests for accommodations which further delayed the proceedings. For example, he requested a continuance of the second-scheduled pretrial conference, and the court granted the request.[17] Then, Mr. Gorokhovskiy appeared and participated in the third-scheduled pretrial conference and the court scheduled the trial.[18] Next, Mr. Gorokhovskiy requested a continuance of the trial, and the court granted it.[19] He then failed to appear on the day of the second-scheduled trial, and the court granted Barclays' second motion for default judgment.[20] Mr. Gorokhovskiy did not attempt to vacate that judgment. Instead, he filed this appeal. On appeal, he seeks reversal

---

[11] CCP D.I. 5 ¶2. He contended in his answer, however, that service was "unjust" and improper.
[12] CCP D.I. 7.
[13] CCP D.I. 9.
[14] CCP D.I. 13.
[15] CCP D.I.s 14, 15.
[16] CCP D.I.s 20, 21.
[17] CCP D.I. 23.
[18] CCP D.I. 31.
[19] CCP D.I.s 34, 35.
[20] CCP D.I. 40.

and judgment entered in his favor because of allegedly (1) insufficient service of process below and (2) the trial court's bias and unfair treatment.

7. As to service of process, Court of Common Pleas Civil Rule 4(f)(1)(I) provides that service of the summons and complaint may be made

> [u]pon an individual other than an infant or an incompetent person by delivering a copy of the summons, complaint and affidavit, if any, to that individual personally or by leaving copies thereof at that individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein[.]

A defense of insufficiency of service of process is waived if not asserted by motion or answer.[21]

8. Here, Mr. Gorokhovskiy asserted this affirmative defense in his answer while contradictorily admitting that he had received the pleadings. Importantly, the record does not reflect that he advanced an improper service argument at any point *after* he successfully moved to vacate the first default judgment. Nor does it reflect that he ever requested dismissal as a remedy. The docket does reflect, and the process server attested, that "Michael," at Mr. Gorokhovskiy's address of record, accepted process as Mr. Gorokhovskiy's co-tenant.[22] Again, Mr. Gorokhovskiy admitted that he received a copy of the complaint and summons.[23] He then fully participated in the litigation which demonstrated that his actual notice of the action precluded any unfair prejudice.

9. Mr. Gorokhovskiy further contends in his brief that Barclays, and its process server, falsified the return. On that point, the trial court was in the best position to assess the sufficiency of service. It did not abuse its discretion in relying on the return of service or when refraining from dismissing the matter *sua sponte*, or alternatively, at Mr. Gorokhovskiy's request as he now implies.[24]

---

[21] Ct. Com. Pl. Civ. R. 12(h)(1).
[22] CCP D.I. 4.
[23] CCP D.I. 5.
[24] CCP D.I. 20.

4

10.     Finally, Mr. Gorokhovskiy seeks reversal and entry of judgment on appeal because Barclays had no standing, the evidence did not support the judgment, the judge was biased, and Barclays committed various discovery violations. There is no indication in the record that he raised these issues below which alone is dispositive on the ground of waiver. Independently, he further waived any such arguments when he failed to appear for trial.

11.     In summary, the trial court did not abuse its discretion when it declined to dismiss the underlying action, *sua sponte* or otherwise.[25] Nor did it abuse its discretion or commit legal error when entering the default judgment.

**WHEREFORE,** for the reasons stated above, the judgment of the Court of Common Pleas is **AFFIRMED.**

**IT IS SO ORDERED.**

<u>Jeffrey J Clark</u>
Resident Judge

---

[25] Mr. Gorokhovskiy seems to contend, without expressly arguing, that the trial court committed reversible error by declining to dismiss the suit *sua sponte* based on insufficient service of process. The record reflects that he raised the issue of improper service only when he sought to vacate the first default judgment. There, the trial court seemed to have vacated the judgment on the separate ground of his excusable neglect for failing to appear. Neither in Mr. Gorokhovskiy's brief nor in the record is there a reference to how he raised the issue with the trial court by motion or other means after that point or that he ever requested dismissal as a remedy. An absence in the record showing that he pursued the argument independently, outside of the context of his request to vacate the first default judgment, waives the argument on appeal. The Court recognizes that there is no verbatim transcript available from the second pretrial conference. If at some point, Mr. Gorokhovskiy renewed the issue and asked for dismissal as he implies in his brief—perhaps at the second pretrial conference for instance—the trial court nevertheless had ample bases in the record to deny any such motion as explained above.